KRELL v. WAYNE CIRCUIT JUDGE.

1. EXCEPTIONS, BILL OF—EXTENDING TIME FOR SETTLING.
   When the time for settling a bill of exceptions has not been extended beyond 20 days after entry of judgment, the court is without power thereafter to grant extension of time.

2. COURTS—STATUTES—LOCAL COURT RULES.
   Where a statute applies, local court rules do not govern the same subject-matter.

3. EXCEPTIONS, BILL OF—EXTENDING TIME FOR SETTLING.
   An *ex parte* order extending the time for settling a bill of exceptions, made by the presiding judge of the circuit under local court rules, is void under 3 Comp. Laws 1915, § 12139, requiring such orders to be made by the trial judge unless absent or unable to act, where, at the time said order was made, the trial judge was present in court and able to act.

Mandamus by Max Krell and Benjamin Krell, doing business as Krell Realty Company, to compel DeWitt H. Merriam, circuit judge of Wayne county, to grant an extension of time for settlement of bill of exceptions. Submitted January 8, 1929. (Calendar No. 33,890.) Writ denied March 29, 1929.

*Samuel J. Rhodes (Herman R. Sable,* of counsel), for plaintiffs.

*Monaghan, Crowley, Reilley & Kellogg,* for defendant.

WIEST, J. We are asked to issue our writ of mandamus directing Judge Merriam to extend the time for settling a bill of exceptions in the case of Walker & Company *v.* Max Krell and Benjamin Krell.

Upon trial of that case, before Judge Merriam in the Wayne circuit, judgment was rendered against

plaintiffs herein, and 20 days granted in which to settle a bill of exceptions. Within 20 days plaintiffs herein applied to Judge Arthur Webster, then presiding judge in the Wayne circuit, for, and obtained, an *ex parte* order extending the time 60 days, with stay of proceedings. Near the close of the 60 days they moved Judge Merriam to grant further time. Judge Merriam refused to do so on the ground that he had not extended the time beyond the first 20 days, and the order made by Judge Webster was a nullity, because the statute, 3 Comp. Laws 1915, § 12139, requires such an order to be made by the trial judge unless he is absent or unable to act, and, at the time Judge Webster made the order, he (Judge Merriam) was present in the Wayne circuit and able to act. If this position is sound, then we must deny the writ. Unless the time was legally extended beyond the first 20 days there was no power to extend the time. *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393. The mentioned statute provides:

"No stay of proceedings shall be directed or ordered by any one of the said circuit judges in any cause or proceeding excepting when the order or decree under which the proceedings are stayed shall have been made by such judge, except that where the judge making such order or decree on which the proceedings are sought to be stayed shall be absent or unable to act,  *  *  *."

Plaintiffs herein rely upon local rules in the Wayne circuit, which provide:

"*Ex parte* orders excepting writ of *habeas corpus* shall be issued by the presiding judge."

Also:

"All *ex parte* matters, orders to show cause, and miscellaneous motions, both in law and in chancery,

shall be heard by the presiding judge, or shall be assigned by him to some other judge.''

If the mentioned statute applies, then the local rules cannot govern the same subject-matter. It is important that the trial judge have control of the time within which proceedings for review shall be perfected.

Judge Merriam's return to our order to show cause shows that he was present in court and able to act on the very day plaintiffs herein obtained the order from Judge Webster. Judge Webster's order, so far as it stayed proceedings, was void. The object of staying proceedings was to prevent operation of the judgment pending review by writ of error. To have such review, plaintiffs herein need a bill of exceptions settled and signed. The order made by Judge Webster, extending the time for settling a bill of exceptions beyond the 20-day period, while *ex parte,* was not an order of course, and should have been heard by the trial judge who had some knowledge of the time taken in the trial, extent of the testimony, and the period within which a bill of exceptions should be settled. When the trial judge is present and able to act, no other judge may extend the time for settling a bill of exceptions.

The writ is denied, with costs against plaintiffs herein.

NORTH, C. J., and FEAD, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.