WARK-GILBERT CO. *v.* WAYNE CIRCUIT JUDGE.

1. JUDGMENT—FILING OF FINDINGS OF FACT AND CONCLUSIONS OF LAW CONDITION PRECEDENT.

Under 3 Comp. Laws 1915, § 12586, filing of findings of fact and conclusions of law, which had been requested after judgment was ordered, was condition precedent to entry of valid judgment.

2. EXCEPTIONS, BILL OF—APPEAL AND ERROR—EXTENSION OF TIME FROM ENTRY OF VALID JUDGMENT.

Where entry of judgment was irregular because entered before findings of fact and conclusions of law were filed, after request therefor had been made (3 Comp. Laws 1915, § 12586), judge entering judgment as of date of filing of findings had authority to grant stay of proceedings for 30 days, and bill of exceptions presented for settlement within that time was timely.

Mandamus by Wark-Gilbert Company, a Michigan corporation, to compel Fred S. Lamb, acting

Wayne circuit judge, to settle a bill of exceptions. Submitted October 8, 1929. (Calendar No. 35,408.) Writ granted December 3, 1929.

*James Gibbons,* for plaintiff.

*Kenneth M. Stevens,* for defendant.

POTTER, J. Petitioner asks mandamus to compel circuit judge Fred S. Lamb, acting in the Wayne circuit court, to settle a bill of exceptions. February 26, 1929, judgment was ordered by Judge Lamb for plaintiff for $6,324.04 in the case of *Hovey v. Wark-Gilbert Company.* The next day demand for findings of fact and conclusions of law was filed. March 5th, Judge Lamb ordered the judgment be changed from $6,324.04 to $8,137. March 22d, Judge Lamb ordered that defendants be allowed 20 days' stay of all proceedings from entry of judgment. March 25th, demand for findings of fact and conclusions of law was filed. March 30th, judgment was entered for plaintiff by Judge Gilbert for $8,137, no findings of fact and conclusions of law having been filed. A stenographer's certificate was filed March 27th, and April 19th a bond on appeal was filed. April 30th, an execution issued. May 9th, findings of fact and conclusions of law were filed by Judge Lamb, and May 13, 1929, an order was entered by Judge Clyde I. Webster that the judgment entered March 30, 1929, was prematurely entered, and that

"Such judgment be entered as of the 9th day of May, A. D. 1929, findings of fact and conclusions of law having been filed on that date. * * * that a stay of all proceedings in said case of thirty (30) days, dating from May 9, 1929, be entered and in which to settle a bill of exceptions."

A bill of exceptions was prepared and noticed for settlement on June 8th, and the parties appeared before Judge Lamb June 7th to settle the bill of exceptions, at which time Judge Lamb refused to settle it, claiming he had no right to do so in view of the decision of this court in *Krell* v. *Wayne Circuit Judge,* 246 Mich. 412.

Under the statute (3 Comp. Laws 1915, § 12586), the filing of findings of fact and conclusions of law was a condition precedent to the entry of a valid judgment. Judge Lamb apparently so found, though he had previously ordered that judgment be entered for $8,137. He did not enter the judgment, and its entry by Judge Gilbert prior to the filing of the findings of fact and conclusions of law by Judge Lamb was irregular. If, after filing findings of fact and conclusions of law by Judge Lamb, Judge Webster had authority to enter a judgment as of May 9, 1929, then he had authority to grant the stay of proceedings and the extension of time for 30 days, and the bill of exceptions was presented for settlement within the time fixed by Judge Webster in the same order which directed that judgment be entered as of May 9th. The writ will issue, if necessary.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.