IN THE MATTER OF THE ATTORNEY FEES OF RUTH RITTER
AND RAYMOND E. WILLIS

(PEOPLE v RITCHIE)

1. Courts—Supreme Court—Court Rules—Local Court Rules—
   Statutes—Constitutional Law.

   The Supreme Court is vested with constitutional authority to
   formulate general rules of procedure and such rules take
   precedence over legislative enactments; local court rules, how-
   ever, must give way to statutory directive and are subject to
   approval by the Supreme Court (Const 1963, art 6, § 5, GCR
   1963, 927[2]).

2. Attorney and Client—Court-Appointed Counsel—Attorney
   Fees—Discretion—Statutes—Court Rules.

   A trial judge before whom an indigent defendant's court-ap-
   pointed attorney appears may exercise judicial discretion in
   determining reasonable compensation to the attorney for ser-
   vices performed; a local court rule containing a fee schedule for
   appointed counsel must give way to the statute authorizing
   judicial discretion in setting the fees (MCLA 775.16, Recorder's
   Ct R 10).

Appeal from Recorder's Court of Detroit,
Thomas L. Poindexter, J. Submitted April 16,
1975, at Detroit. (Docket No. 20644.) Decided July
23, 1975.

Petition by Ruth Ritter and Raymond E. Willis
for reconsideration of attorney fees allowed to

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 82–86.
   Power of court to prescribe rules of pleadings, practice, or proce-
   dure. 158 ALR 715.
[2] 7 Am Jur 2d, Attorneys at Law § 207.
   Compensation by public of attorney for services under appointment
   by court in defending indigent person charged with crime. 130
   ALR 1439 s. 144 ALR 847.

court-appointed attorneys for indigent defendants Dwight Ritchie and Georgia Daniels. From an order fixing attorney fees, plaintiffs appeal by leave granted. Affirmed.

*Ruth Ritter* and *Raymond E. Willis, in propriis personis.*

*Alphonso R. Harper,* Judicial Assistant, (by *John A. Murphy),* for respondent Thomas L. Poindexter.

Before: J. H. GILLIS, P. J., and QUINN and R. M. MAHER, JJ.

PER CURIAM. Appellants are attorneys employed by the Defenders' Office—Legal Aid and Defender Association of Detroit. Following the acquittal of the defendants they represented in the case of *People v Ritchie and Daniels,* Recorder's Court No. 73-05395, they submitted vouchers seeking attorney fees. Using the fee schedules listed in Recorder's Court Rule 10, each attorney sought a sum in excess of $900. The trial court judge ordered that each should receive $300 for their services in the case.

After refusal of the presiding judge of Recorder's Court to review the matter and the trial judge to alter the order of $300 on reconsideration, this Court initially denied appellant's delayed application for leave to appeal, but a petition for rehearing and leave to appeal were later granted.

The issue that must be resolved is: Did the trial judge err in ordering attorney fees that did not agree with those provided for in Recorder's Court Rule 10? The pertinent section of Rule 10 reads:

"Sec. 3. Fee Schedule for Assigned Counsel. An attorney assigned by a Judge of this Court pursuant to law

to defend or represent an indigent person in any matter within the jurisdiction of this Court shall file with the Clerk of the Court a written statement to the effect that he has not theretofore received nor has he requested nor been promised payment from any other source.

"Any such attorney who accepts or solicits payment from any other source for his services as assigned counsel in this Court shall be subject to punishment for contempt.

"On certification of the Judge before whom such service was rendered or the Presiding Judge, such attorney shall be entitled to receive from the Wayne County Treasurer compensation in accordance with the Fee Schedule for Assigned Counsel as the same shall be amended and revised from time to time. The current Fee Schedule is attached as an appendix to this Rule."

Were this the only provision applicable to the fees for assigned counsel in indigent cases, we would be more inclined to agree with appellants that the seemingly mandatory language in the last paragraph quoted above requires that a judge's order may not depart from the fee schedule. The Legislature, however, has also spoken to the matter. MCLA 775.16; MSA 28.1253 provides:

"Whenever any person charged with having committed any felony or misdemeanor not cognizable by a justice of the peace or magistrate and who appears before such justice of the peace or magistrate without counsel, and who shall not have waived examination upon the charge upon which he appears, such person shall be advised of his right to have counsel appointed for such examination, and if such person states that he is unable to procure counsel, the justice or magistrate shall notify the presiding judge of the circuit court in the jurisdiction of which the offense is alleged to have occurred, and upon proper showing the presiding judge shall appoint some attorney to conduct the accused's examination before a justice court or examining magistrate and to conduct the defense, and the attorney so

appointed shall be entitled to receive from the county treasurer on the certificate of the presiding judge that such services have been duly rendered, such an amount as the *presiding judge shall in his discretion* deem reasonable compensation for the services performed." (Emphasis supplied.)

Appellants would have us rule that the presence of the words "shall be entitled" in Rule 10 precludes the exercise of the judge's discretionary authority set forth in the statute.

This is not the first time that this Court has been asked to favor a Recorder's Court rule over a statute. In *People v Williams #2,* 45 Mich App 630; 207 NW2d 180 (1973), the state urged that Rule 17 rather than the statute governed the time for giving notice of an alibi defense. That claim was summarily rejected. GCR 1963, 927(2) requires that local court rules "be subject to the superintending control of the Supreme Court." [1] This, however, does not elevate local court rules to the position of Supreme Court rules. The Supreme Court is vested with constitutional authority to formulate "general rules" of procedure, Const 1963, art 6, § 5, and such rules have taken precedence over legislative enactments. *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971). GCR 1963, 927(2) only facilitates the control of the Supreme Court over the rules for practice and procedure in all courts of the state. It does not provide a way for lower courts to share the power to fashion rules that are superior to legislative enactments. "No other court, only the Supreme Court, enjoys that power." *Pressley v Wayne*

---

[1] GCR 1963, 927(2), has been amended, since filing of this appeal, to require that local court rules "shall not become effective until approved by the Supreme Court". We are still of the opinion, however, that this does not elevate local court rules to the position of Supreme Court Rules.

*County Sheriff,* 30 Mich App 300, 313; 186 NW2d 412 (1971). See also *Krell v Wayne Circuit Judge,* 246 Mich 412; 224 NW 392 (1929), and GCR 1963, 16.

Because we hold that Rule 10, as a local court rule, must give way to the statutory directive, we need not consider whether a rule concerning the disbursement of public funds to attorneys for representing indigents is properly characterized as a rule of procedure. The Legislature, in providing a means by which the constitutional right to counsel is to be effectuated, has authorized the judge before whom the indigent's attorney appears to exercise his discretion in determining "reasonable compensation for the services performed". This Court and others have been hesitant to second-guess a trial court's determination of what should be reasonable compensation for appointed counsel. *In the Matter of Hayes,* 55 Mich App 30; 222 NW2d 20 (1974). See also Anno., *Construction of State Statutes Providing for Compensation of Attorney for Services Under Appointment by Court in Defending Indigent Accused,* 18 ALR3d 1074, 1104. This would not, however, preclude a finding by a reviewing court that the trial court had abused its discretion. The ordering of a fee grossly below scheduled fees, or the consistent refusal to award fees that even approximated those in an established schedule might lead to the conclusion that there was not the proper exercise of discretion. Appellants here made no claim that the trial court abused its discretion and reasons were given by the court for its order which suffice to show that it did exercise its discretion.

Accordingly, the order of the Recorder's Court setting appellants' attorney fees is affirmed.