195 S.E.2d 160 (1972)
STATE ex rel. Myrtle PRINCE and Ronald Ray Fisher
v.
WEST VIRGINIA DEPARTMENT OF HIGHWAYS, a corporation and William S. Ritchie, Jr., its commissioner.
No. 13200.
Supreme Court of Appeals of West Virginia.
Submitted September 6, 1972.
Decided October 10, 1972.
Broh & Vital, Jack H. Vital, III, Huntington, for relators.
Claude H. Vencill, Legal Division, Dept. of Highways, Charleston, for respondents.
CAPLAN, Judge.
This is an original proceeding in mandamus wherein the petitioners, Myrtle Prince and Ronald Ray Fisher, seek a writ to compel the respondents, West Virginia Department of Highways and William S. Ritchie, Jr., its commissioner, to institute a proceeding in eminent domain for the purpose of ascertaining the amount of compensation, if any, to which petitioners are entitled by reason of damages alleged to have been caused to certain real estate of the petitioners. A rule was granted by this Court on March 20, 1972, returnable on *161 April 25, 1972, at which time, by agreement of the parties, the matter was continued generally. On September 6, 1972 this matter was submitted for decision on the petition, the joint and several answer of the respondents, their joint and several amended and supplemental answer and upon the briefs and arguments of counsel for the respective parties.
The petitioners are owners of certain real estate situate in the City of Huntington. The residence of Myrtle Prince is located on this property which is designated as 727 W. Seventeenth Street and is adjacent to or nearby a certain right of way of the State Department of Highways upon which a connecting road in the Interstate Highway System was constructed. It is alleged by the petitioners that in the construction of this connecting highway a fill was constructed which radically changed the topography of the land and caused surface waters to be cast upon their property thereby causing considerable damage. It is further alleged that the manner in which this highway and fill were designed failed to provide adequate drainage facilities, causing their property to be flooded whenever a hard rain occurred. Claiming that their property has been damaged without any compensation whatever from the state, the petitioners instituted this mandamus proceeding.
In their joint and several answer and in their amended and supplemental answer, the respondents deny that the fill for the newly constructed highway diverted water to or caused flooding of the petitioner's property. The respondents allege therein that the State Highway Commission entered into a contract with Foster and Creighton Company for the construction of such highway; that in said contract, among other provisions, the contractor agreed to indemnify and save harmless the commission from any and all suits, actions or claims brought by reason of any injuries or damages received or sustained by a person, persons or property as a consequence of its work.
The respondents further say that the petitioners filed a civil action in the Circuit Court of Cabell County seeking recovery from Foster and Creighton Company, Wilson Construction Company, Charleston Construction, Inc., and Davis Contracting Company, alleging therein the same damages to their real estate as that set out in the mandamus petition in the instant proceeding. Three of these actions were subsequently dismissed with prejudice to the plaintiffs as compromised, settled and agreed, the three defendants making such settlement being Foster and Creighton, Charleston Construction and Davis Contracting, each of said companies paying the plaintiffs $500.00, for a total of $1,500.00. Wilson Construction Company was dismissed from the civil action on a motion for summary judgment.
Upon payment of said sums the petitioners executed and delivered releases to the three defendants, releasing all claims resulting from said construction and forever discharging these defendants, their servants, agents, successors and assignees and any and all other persons, firms, associations and corporations from any and all actions, causes of action, claims and demands, damages, costs, expenses and compensation on account of or in any way growing out of any injuries or property damage resulting from the construction of such highway.
In the release executed and delivered to Foster and Creighton Company the petitioners provided: "* * * we shall promptly file an action against the State Road Commission of West Virginia for the recovery of damages to real property in connection with the above highway or roadway and that Foster and Creighton Company shall receive one-third of any award resulting therefrom, after deduction of actual expenses from said award; PROVIDED, however, that Foster and Creighton shall receive no more than $500.00 from any such award."
The respondents aver that the petitioners, knowing the contractual obligations *162 of Foster and Creighton with the State Road Commission to save it harmless from damage, "did wantonly and maliciously conspire civilly with the said Foster and Creighton Company to violate and evade its contractual obligation to pay said damages by agreeing with said contractor to file an action against the State Road Commission of West Virginia and to pay said Foster and Creighton Company, contractor, one-third (1/3) of any award resulting therefrom not exceeding $500.00."
Finally, the respondents assert that this mandamus action is barred by the statute of limitations in that the right to bring such action did not accrue within two years next before the filing of their petition.
It has long been established by the decisions of this Court that where highway construction or improvements results in probable damages to private property without an actual taking thereof and the owners in good faith claim damages, it is the duty of the Commissioner of the State Department of Highways to institute proceedings within a reasonable time after the completion of the work to ascertain the damages, if any, to the property, and if he fails to do so, mandamus will lie to compel him to institute such proceedings. State ex rel. Teter v. State Road Commission of West Virginia, 152 W.Va. 805, 166 S.E.2d 757; State ex rel. Griggs v. Graney, 143 W.Va. 610, 103 S.E.2d 878; Riggs v. State Road Commissioner, 120 W.Va. 298, 197 S.E. 813. This proceeding, however, is in mandamus, it being equally well settled that, in order to be entitled to the relief sought, one must show that he has a clear legal right thereto. State ex rel. Withers v. The Board of Education of Mason County, 153 W.Va. 867, 172 S.E.2d 796; State ex rel. Zagula v. Grossi, 149 W.Va. 11, 138 S.E.2d 356.
In the instant case it appears that the petitioners have shown probable damage to their property caused by the heretofore described road construction. If the record revealed this fact alone mandamus would lie. However, it is clearly revealed that the petitioners sought and received, in a separate action, sums of money for the identical damages of which they complain in this proceeding. Furthermore, they readily admit, by pleadings and admissions in argument, that the amounts they received were in "full accord and satisfaction" of these claims. This is unequivocally demonstrated by the "AGREEMENT AND RELEASE AND SETTLEMENT OF ALL CLAIMS", executed and delivered by these petitioners.
The action alluded to above was dismissed with prejudice to the plaintiffs, the petitioners here, as compromised, settled and agreed. A judgment by consent or a court order recording a compromise settlement has the same force and effect as a judgment entered after full contest of the issues involved. State ex rel. Queen v. Sawyers, State Road Commissioner, 148 W.Va. 130, 133 S.E.2d 257. While the aforesaid action lacks the elements necessary to cause it to operate as res adjudicata in this proceeding, it clearly shows that these petitioners have been fully compensated for the damages for which they here ultimately seek recovery.
In these circumstances, a mandamus action designed to require an eminent domain proceeding for the purpose of ascertaining the damages, if any, to the petitioners' property would be nugatory and fruitless. This is so because the petitioners, by their own admission and by a clear showing in the record, have been fully compensated for the identical damages sought as the result of this proceeding. "A writ of mandamus will not be issued in any case when it is unnecessary or when, if used, it would prove unavailing, fruitless or nugatory." Point 6, Syllabus, Delardas v. Morgantown Water Commission, 148 W.Va. 776, 137 S.E.2d 426. See also State ex rel. Archer v. The County Court of Wirt County, 150 W.Va. 260, 144 S.E.2d 791.
*163 By reason of the decision made herein, we deem it unnecessary to discuss other points raised in this proceeding. The writ of mandamus sought by the petitioners is denied.
Writ denied.