55 Mich. App. 30 (1974)
222 N.W.2d 20
IN THE MATTER OF THE ATTORNEY FEES OF WILLIAM J. HAYES.
PEOPLE
v.
STRODDER.
Docket No. 18099.
Michigan Court of Appeals.
Decided August 14, 1974.
Amended opinion filed September 16, 1974.
*31 William J. Hayes, in propria persona.
Robert F. Leonard, Prosecuting Attorney, Donald A. Kuebler, Chief, Appellate Division, and Joel B. Saxe, Assistant Prosecuting Attorney, for the people.
Before: BASHARA, P.J., and DANHOF and CHURCHILL,[*] JJ.
BASHARA, P.J.
We amend our decision in this cause to clear up any possible misunderstanding that may have arisen. The record discloses that appellant Hayes rejoined the defense of the principal case, after his refusal to proceed necessitated the appointment of subsequent counsel by the trial judge.
Thus, we amend the issue stated on page 2 of this opinion (post, p 32) to read as follows: May a trial judge deny appointed counsel fees where some services have been performed but where counsel's refusal to proceed prior to completion of the case necessitated the trial court's appointment of substitute counsel?
In all other respects we affirm our prior holding.
ORIGINAL OPINION
BASHARA, P.J.
This is an appeal by leave initiated by attorney William J. Hayes, from an order of Genesee County Circuit Judge Philip Elliott denying Mr. Hayes' petition for fees. Attorney Hayes was court-appointed counsel for defendant, who was charged with and later convicted of first-degree murder. That conviction is the subject of an independent appeal.
In the instant matter the circuit judge had *32 issued a "Compliance Order" in accordance with this Court's order to settle the record and certify a proposed concise statement of facts. The judge stated that he denied the petition for fees because five days after trial commenced, Mr. Hayes refused to conduct the defense of defendant Strodder. This necessitated the appointment of Mr. Ivor Jones to continue the defense. Mr. Jones was subsequently paid $1,500 by the county.
Judge Elliott also emphasized that the record was replete with instances of totally unprofessional and contemptuous conduct by Mr. Hayes. The judge further indicated his belief that the time spent in preparation, which was sworn to in Mr. Hayes' petition for fees, was untrue and also that the expenses he claimed were without verification.
As a result of Mr. Hayes' conduct in this case, Judge Elliott referred the matter to the State Bar Grievance Committee. That body recognized that Mr. Hayes had performed some services for the defendant, but recommended that he be suspended from the practice of law for 90 days.
Without further delineation of facts, this novel issue is squarely before us. May a trial judge deny appointed counsel fees where some services have been performed, but where he has abandoned his client's case prior to completion?
There are few guidelines to assist us. Counsel for Judge Elliott refers to Rippey v Wilson, 280 Mich 233; 273 NW 552 (1937), which clearly holds that retained counsel may lose his right to fees for unprofessional conduct or abandonment of his client's case. Mr. Hayes, on the other hand, believes that In re Meizlish, 387 Mich 228; 196 NW2d 129 (1972), controls. That case, however, only determined the constitutionality of a fee schedule for *33 the representation of indigent defendants and does not, in our opinion, address itself to the problem presented.
We must turn to the statute authorizing the appointment of counsel for indigent defendants. MCLA 775.16; MSA 28.1253 states in pertinent part:
"* * * upon proper showing the presiding judge shall appoint some attorney to conduct the accused's examination before a justice court or examining magistrate and to conduct the defense, and the attorney so appointed shall be entitled to receive from the county treasurer on the certificate of the presiding judge that such services have been duly rendered, such an amount as the presiding judge shall in his discretion deem reasonable compensation for the services performed." (Emphasis added.)
Thus, it appears the statute has given wide discretion to the presiding judge at trial to determine the value of services rendered by counsel appointed to represent an indigent defendant. The presiding judge has placed his faith in appointed counsel to fairly and properly represent the indigent defendant. The landmark decision of Gideon v Wainwright, 372 US 335; 83 S Ct 792; 9 L Ed 2d 799; 93 ALR 2d 733 (1963), clearly intended that appointed counsel would not only provide fair and adequate representation for indigents, but that counsel would see the case to its conclusion with the same mandates as retained counsel.
A survey of other jurisdictions with statutes similar to ours have generally held that the courts in which the services were performed have a large measure of discretion in fixing or recommending fees to be paid. See Johnson & Douglas v Superior Court, 101 Ariz 373; 419 P2d 730 (1966); see also 18 ALR3d 1074, 1104.
*34 We must admit to finding favor with the language of Justice FEAD speaking for our Supreme Court in Hightower v Detroit Edison Co, 262 Mich 1, 13; 247 NW 97 (1933). While the discussion is again of retained counsel the following is pertinent to this discussion:
"Appellant's representation of Donohue was not only a breach of professional ethics and standards, of duty to the client, and in aid of violation of law, but was a fraud on the court, going directly to the integrity of the relationship between bench and bar and to the heart of the orderly administration of justice. To say that, although such misconduct may justify disbarment or contempt proceedings, the court must award compensation to an attorney for services tainted thereby would put the court in a position of approving or ignoring gross breach of duty to client and court. * * * But we lay denial upon the broader ground that the judgment of the court will not be given in aid of or to encourage unprofessional conduct infringing the integrity of judicial proceedings."
We, therefore, hold that the right of the trial judge to determine or deny fees to appointed counsel should remain clear and unalterable, save for a gross abuse of discretion. We find none under the facts of this case.
Affirmed.
All concurred.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.

AMENDED OPINION