THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff and Respondent-Appellee, *v.* HAROLD M. PARKS, Defendant.—(Patrick J. Prendergast, Petitioner-Appellant.)

Fifth District   No. 81-445

Opinion filed September 29, 1982.—Rehearing denied November 1, 1982.

HARRISON, J., dissenting.

Kenneth D. Rose, of Anna, for appellant.

Rodney A. Clutts, State's Attorney, of Jonesboro (Martin N. Ashley, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

Petitioner, Patrick J. Prendergast, appeals from the order of the circuit court of Union County awarding him $750 as his attorney fee for representing the defendant, Harold M. Parks, as appointed counsel. Petitioner requested $2,430, which he claimed was a reasonable amount for attorney fees based on his having spent $1\frac{3}{4}$ hours in court and $79\frac{1}{4}$ hours out of court in his representation of defendant, both at the rate of $30 per hour.

The defendant was charged on February 21, 1980, in a five-count information with unlawful possession of a controlled substance, cocaine; unlawful possession of a controlled substance, methaqualone; unlawful possession of cannabis; and two counts of unlawful delivery of a controlled substance, cocaine. Due to conflicts which developed in defendant's first two appointed counsel, petitioner was not appointed until January 8, 1981, after the preliminary hearing and after most of the discovery had been completed. Petitioner filed motions for substitution of judges and a motion to suppress evidence. It does not appear that a hearing was held on the motion to suppress. On July 27, 1981, defendant entered a negotiated plea of guilty to unlawful possession of a controlled substance, methaqualone, and was sentenced to two years' probation. On July 28, 1981, petitioner filed a verified statement of services.

On August 3, 1981, a hearing was held on petitioner's motion for attorney fees. The only witness to testify was attorney David Watt. Mr. Watt testified to his extensive experience as an attorney in the field of criminal law. He further testified that he had reviewed petitioner's file, which contained between five and eight law review articles and five to seven cases from other jurisdictions regarding the defense of necessity. He stated that based on his experience in handling similar issues, he was of the opinion that the time spent was a reasonable amount of time and that the amount submitted was reasonable. Mr. Watt further testified as follows: "[C]onsidering the case, the charges involved, the issues that were involved, and also to a certain extent, considering the fact that Mr. Prendergast is a young lawyer,

that the amount of time that he spent in this case was not only reasonable but in my opinion, was not excessive." Mr. Watt related that in a criminal case in which he represented a defendant, the special prosecutor was paid $50 an hour plus expenses. Mr. Watt admitted that he has never defended a sale of cocaine charge on the basis of necessity because it is an extremely rare defense. He stated that since the defendant in this case made admissions against interest in a newspaper interview, the defense would need to be creative.

It appears from the record that defendant is suffering from a disease which has severely affected his hips and ability to walk; consequently, the contemplated defense would be that the cannabis and controlled substances were necessary to relieve the pain.

The State did not contest the time spent or the quality of the representation, but it did contest the reasonableness of the fees on the grounds that the time spent in court was minimal and because an excessive amount of time was spent on the defense of necessity.

The trial court considered the law as stated in *People v. Johnson* (1981), 93 Ill. App. 3d 848, 417 N.E.2d 1062, *affirmed* (1981), 87 Ill. 2d 98, 429 N.E.2d 497, and stated:

> "*** I suppose what constitutes a reasonable fee is determined in each case. The court is not that familiar with the defense of necessity. However, I believe there are only two cases in the state on the subject. Whether or not it was reasonable for Mr. Prendergast to spend that time researching, I didn't talk with Mr. Parks and I don't know what the factual situation was. I do think that necessity is a very limited defense as is indicated by the cases in the state of Illinois.
>
> For the record, in this particular case, defendant's attorney has stated that he was in Court one hour and forty-five minutes. I don't question that or disagree with it. ***
>
> There is quite a bit of discussion in [the case law] as to what is a reasonable hourly rate. I have no argument that $30.00 is reasonable. It is not the going rate in Union County. The only question that I have is the amount of time consumed in this case by the defendant's attorney. Eighty hours for research and for conferences, and I am not saying, Mr. Rose, that he didn't spend eighty hours. I am sure he did or he wouldn't have filed the verified statement. It is my job to ascertain whether or not that is reasonable in this case. The statute authorizes the payment of a reasonable fee. ***
>
> And, of course, the court is directed to consider all relative circumstances. The circumstances that we have in this case is

the total court appearance of approximately one hour. For the record, the attorney for the defendant was not appointed during the preliminary hearing or during the earlier motion stages, and again, we are talking about what is a reasonable fee. I think they say that you should not be unjustly enriched nor unjustly penalized for having to do court appointed work, and that a reasonable fee infers at least some compensation, and I would agree with that. Such fees awarded to appointed counsel must reimburse the attorney for office overhead and expences [sic] and give him something for his own support. I have no argument with that. It says, do not interpret the statute to require compensation equal to the prevailing market rate in the community, as petitioners suggest, although such a fee is not prohibited and may well constitute an appropriate amount in a given case. I think that what they are trying to say is that the trial judge has wide discretion in what appears to be reasonable in any given case. I was involved in this case from the first appearance to the negotiated plea, so I am familiar with this case. I can't feel that a fee of $2,430.00 is reasonable in this case, so that gets down now as to what is reasonable, and again, I don't want to be misinterpreted as saying that I don't believe that you spent the time on it. You spent the time and I think that you did an excellent job defending the defendant. However, the burden is on me to decide what is reasonable and I can't justify eighty hours outside the court and one hour in court would be reasonable. [Sic.] ***

I am not again, saying that he did not spend the time and that he did not do an excellent job in defending. The result of the case of two years probation and a fine of $1,000.00 was a very well negotiated plea. I am placed now with the burden of saying what is reasonable. The time spent on jury trials and negotiated pleas, I do not, based on that experience, justify this as being reasonable. I find that $30.00 per hour is reasonable, more than reasonable.

It will be the order of the court that the treasurer pay to Mr. Prendergast, the sum of $750.00 plus expenses. ***''

Petitioner contends that the trial court erred in determining the amount of attorney fees awarded in this case under section 113—3(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 113—3(c)).

On appeal of the appellate court decision relied upon by the trial court, our supreme court has recently delineated the factors to be

considered in determining what constitutes "reasonable" compensation for private counsel appointed to represent indigent defendants in *People v. Johnson* (1981), 87 Ill. 2d 98, 429 N.E.2d 497. The court in *Johnson* stated:

"The formula for reasonable compensation should be the hourly fee normally charged for comparable trial court services, less an amount adequate to satisfy the *pro bono* factor. In determining what constitutes a reasonable fee, the trial court must consider a number of factors, including, but not limited to, time spent and services rendered, the attorney's skill and experience, complexity of the case, overhead costs, and expenses of trial." (87 Ill. 2d 98, 105-06, 429 N.E.2d 497, 500.)

Thus, the statutory standard to be applied is one of reasonableness. *People v. Kinion* (1982), 104 Ill. App. 3d 30, 35, 432 N.E.2d 363, 367.

Petitioner urges that the trial court erroneously chose to disregard the testimony of Mr. Watt and declare that petitioner spent too much time on the case. Petitioner suggests that such a finding was improper since the trial court made statements suggesting that it was unfamiliar with the facts of the case and the law concerning the defense of necessity.

■ It has long been recognized that the courts are not bound by the opinions of attorneys regarding what constitutes a reasonable fee and must consider their own knowledge of the value of services rendered. (*Goldstein v. Handley* (1945), 390 Ill. 118, 125-26, 60 N.E.2d 851, 854; *People ex rel. Chicago Bar Association v. Gilbert* (1914), 263 Ill. 85, 91, 104 N.E. 1082, 1084-85; see also *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1981), 99 Ill. App. 3d 340, 344, 425 N.E.2d 550, 554.) In the instant case, although perhaps not as familiar with the defense as Mr. Watt, who had the opportunity to examine petitioner's files, the trial court indicated that it had been involved with the case from the time of the first appearance until the negotiated plea and had considered the Illinois case law regarding the defense of necessity. In light of its experience, the trial court concluded that the amount of time spent by petitioner was excessive. Petitioner has perfected this appeal; therefore, we are asked to determine whether this finding was an abuse of discretion. We conclude that it was not.

■ According to petitioner's verified statement of services, he spent approximately 36 hours researching the defense of necessity; two hours were attributed to "research on charges"; nine hours were taken to research relevancy, self-incrimination and contempt; over four hours were spent on search and seizure research; 1½ hours were

spent researching motions for continuance and substitution of judges; and a number of hours were spent researching discovery matters, "cocaine as a narcotic," and the defense of diminished capacity. Further, Mr. Watt testified that he took into consideration the fact that petitioner was a "young lawyer" in arriving at his conclusion that the amount of time was reasonable. The evidence suggests that petitioner was a relatively inexperienced attorney who spent a substantial amount of time conducting research which was of necessity aimed at self-education rather than practically related to the representation of his indigent client. Since there is a *pro bono* factor to be considered (*People v. Johnson*), a trial court need not find that all time spent in preparation of a case for an indigent defendant must be compensated. We conclude that an inordinate use of time need not be compensable and that the trial court's decision in the case at bar to reduce the amount of compensable time was not an abuse of discretion.

■ We first observe that the greater portion of petitioner's research, particularly the 36 hours spent on the defense of necessity, did not contribute to the ultimate disposition of the defendant's case. In determining what constitutes a reasonable time for research, the nature of the research and the results achieved should be considered. (See *Hofing v. Willis* (1967), 83 Ill. App. 2d 384, 390, 227 N.E.2d 797, 800.) Here, petitioner researched a number of matters which were not utilized to defend his client. Petitioner elected to conduct considerable research on a novel defense based upon the defendant's use of cannabis, cocaine, and methaqualone for treatment of pain. However, this defense based on necessity was never used and was apparently abandoned because it was unlikely to succeed. Although an attorney should be given wide latitude in devising and researching a defense for an indigent defendant, it does not follow that an attorney must be compensated by the county for all time spent pursuing an unlikely defense. The trial court's determination that petitioner spent an excessive amount of time conducting research in a case which was eventually disposed of through plea bargaining was not an abuse of discretion.

Additionally, it is obvious that the less experience an attorney has, the more time he will be required to expend in conducting legal research. While an attorney, whether experienced or not, should conduct thorough and painstaking research, we cannot say that all research time must be paid for by the county when an attorney is appointed to represent an indigent defendant. In the case at bar, it was reasonable for the trial court to conclude, in view of the fact that petitioner was a "young lawyer," that a large number of hours of out-of-court time

spent by petitioner did not justify compensation at a rate of $30 per hour. We do not mean to suggest that a young or inexperienced attorney would inevitably spend more time than experienced counsel researching any particular case but, rather, that we acknowledge that the experience of the appointed counsel is one of the factors to be considered in determining what is a reasonable amount of research time.

For the foregoing reasons, the judgment of the circuit court of Union County is affirmed.

Affirmed.

JONES, J., concurs.

JUSTICE HARRISON, dissenting:

I dissent.

The ultimate issue in this case is whether 80 hours was an unreasonable amount of time for petitioner to spend in the preparation of his client's defense. No one doubts that he actually spent that much time. Mr. Prendergast kept meticulous records and achieved an excellent result on his client's behalf. Further, no one questions the hourly fee of $30, the rate charged when taking into account the *pro bono* factor.

At the hearing, petitioner presented an expert who testified that, in his opinion, the case posed complex issues. He stated that the amount of time spent was appropriate and the resulting $2,430 fee was entirely reasonable. The majority, however, concludes that petitioner spent an inordinate amount of time conducting research and that, therefore, the trial court's decision to reduce the amount of compensable time from 80 hours to 25 hours was not an abuse of discretion.

The majority seems to base its conclusion on two factors: (1) the nature of the research in relation to the result obtained, and (2) the fact that petitioner was a "young lawyer." While admitting that the defense of necessity is rare and the issues with which petitioner was confronted were complex, the majority reasoned that the bulk of petitioner's research on necessity did nothing to contribute to the ultimate disposition of the case because petitioner eventually arranged a negotiated plea for his client. This reasoning fails to take into account the leverage which petitioner had during the plea negotiations with the State due to theories gleaned from his research. Rather than presume that the research did not contribute to the outcome of the case,

I think it just as likely that the young attorney's pursuit of a creative defense facilitated the bargaining position of his client and made it possible for him to take a more favorable stance during negotiations.

Next, the majority states:

"In the case at bar, it was reasonable for the trial court to conclude, in view of the fact that petitioner was a "young lawyer," that a large number of the hours of out-of-court time spent by petitioner did not justify compensation at a rate of $30 per hour."

I disagree. I do not feel that counsel should be penalized for being a "young lawyer." It seems only fair to issue an award commensurate with the time and energy actually devoted to the case by able counsel.

For the foregoing reasons, the trial court's award of $750 was totally inadequate. I would apply the same standard as the majority (*People v. Johnson* (1981), 87 Ill. 2d 98, 105-06, 429 N.E.2d 497), and award Mr. Prendergast the full amount of attorney fees which he has requested.