364 S.E.2d 18

John C. KRIVONYAK

v.

Honorable John HEY, Judge, Circuit Court of Kanawha County.

Robert N. BLAND

v.

Honorable John HEY, Judge, Circuit Court of Kanawha County.

Nos. 17947, 17948.

Supreme Court of Appeals of West Virginia.

Dec. 8, 1987.

Robert N. Bland, Charleston, pro se.

John Krivonyak, Charleston, pro se.

McGRAW, Chief Justice:

These combined cases seek writs of mandamus compelling a judge of the Circuit Court for Kanawha County to order payment of vouchers submitted for services rendered and expenses incurred as appointed counsel to a criminal defendant in that court. Because the petitioners have not

made a showing of a clear legal right to payment in the amount prayed for, we deny the writs and discharge the previously granted rules to show cause.

According to the petitions, the petitioners were appointed to represent Brian Pugh on multiple charges of nighttime burglary and breaking and entering. The representation began in February 1980 and ended with a single plea bargain agreement completed in April 1982. The petitioners say that, during the course of this representation, they filed writs with this Court and with the United States Supreme Court, as well as carrying out numerous other duties attendant to representing a criminal defendant. Thereafter, they submitted separate vouchers for each felony indictment and for each of the writs filed with higher courts. Krivonyak's vouchers totaled $8,157.11 and Bland's totaled $6,591.00.[1] The circuit court judge issued an order authorizing payment of $2,000.00 each to the petitioners, stating that the vouchers submitted were excessive and that there were only two separate offenses involved. The circuit court then reduced the amounts actually payable to the petitioners by amounts previously paid. Subsequent meetings between the petitioners and the circuit judge have not resolved the payment issue to the petitioners' satisfaction, and they seek writs, asserting a right to full payment of the vouchers as submitted.

Chapter twenty-nine, article twenty-one of our Code deals with the provision of public legal services, both through funding public defender corporations and payments to members of local attorney panels available to eligible clients. Compensation for such services are set by statute at twenty-five dollars an hour for in court time and twenty dollars an hour for out of court time, up to a maximum of one thousand dollars for each noncapital felony case, with appeals to this Court being considered separate cases. W.Va.Code § 29–21–14(e)–(g) (1986 Replacement Vol.). Panel attorneys are required to maintain detailed and accurate records and to submit statutorily acceptable vouchers to the appointing court. The court then may issue an order "approving payment of the amount of the voucher or of such lesser sum to which the court shall believe the panel attorney to be entitled." *Id.* at (d).

The petitioners do not cite any cases interpreting these specific statutory provisions, and our research reveals none. We may, however, consider the Defense Counsel Voucher Instructions and Related Materials (Revised March 1987) issued by the West Virginia Public Legal Services Council. Although these instructions have not formally been filed as regulations with the Secretary of State, they are utilized by courts, attorneys, and the Council in requesting or making payment for representation of eligible clients. The Council is also charged with the responsibility for determining that the submitted vouchers meet the statutory requirements. W.Va. Code § 29–21–14(h). It is, therefore, equitable to consider these guidelines in determining whether the petitioners have established a clear legal right to the relief they request. Part II–C–1 of these instructions provides as follows:

*Criminal Proceedings Involving Multiple Charges Against One Client*

Public Legal Services presumes counsel is entitled to only a single fee if: One client is the subject of multiple charges which are dealt with as the result of one series of plea negotiations during which all of the charges are discussed and disposed of together, a "case"; or, if multiple charges against one client are tried together and disposed of within the context of a single series of related judicial proceedings, a "case".

If, however, in such multiple charge situations as described above, the appointing court specifically rules, after applying a double jeopardy analysis, that the multiple charges constitute separate offenses, each offense constitutes a sepa-

---

1. Copies of the vouchers were not · included along with the petitions, but, according to those petitions, Krivonyak's various vouchers were for 73.50 hours in court and 283.23 hours out of court, as well as $241.11 in copying expenses, and Bland's vouchers included 54.00 hours in court and 264.50 hours out of court.

rate case for fee purposes. Such a ruling must be evidenced by an order of court, and a certified copy (with circuit clerk's seal) of the order must accompany the voucher.

If one client is the subject of multiple charges, each of those charges that is the sole subject of a series of plea negotiations not involving any other charge, constitutes a separate case for fee purposes; and each of the multiple charges against one client which is tried separately from other charges, constitutes a separate case for fee purposes.

The instructions go on to state that appeals from the circuit court to the Supreme Court of Appeals are to be treated as separate cases. *Id.* at –10.

 According to the petitions, all of the charges against the defendant client were resolved in a single plea bargain agreement. The circuit court made a determination that two separate cases were involved, and it awarded $2,000.00 each to the petitioners.[2] Although the petitioners assert that they "intended to proceed to trial on each and every one of said indictments and criminal charges which would have been twenty-one (21) separate and distinct trials," they cite no cases which would have given the defendant a right to twenty-one separate trials, nor do they include any type of record or legal argument tending to show that such separate trials would have taken place.[3] Given this lack of documentation, it is impossible to say that the petitioners have met their burden. "To entitle one to a writ of mandamus, the party seeking the writ must show a clear legal right thereto and a corresponding duty on the respondent to perform the act demanded." Syl. Pt. 1, *State ex rel. Prince v. West Virginia Department of Highways*, 156 W.Va. 178, 195 S.E.2d 160 (1972).

Under the statute, the circuit judge has the discretion to approve payment of a lesser sum than that requested on submitted vouchers. W.Va.Code § 29–21–

14(d). In this case, the judge approved payment equivalent to two cases, even though all the charges were settled in a single plea bargain. The petitioners have made no showing that the circuit judge abused his discretion or acted in a manner contrary to the statute in ordering the amount of payment set out in the petition.

If the petitioners can offer proof that the circuit court abused its discretion, or that, under the relevant case law or administrative guidelines, the multiple charges against their client should have been treated as separate cases for the purposes of compensation under the statute, we will entertain the proper petition. Until such time, however, the writs prayed for are denied and the previously issued rules to show case discharged.

Writ Denied.

---

**2.** It is not clear from the petitions why the circuit court so ruled, and neither that court's order nor a copy of the charges against the defendant were attached to the petitions.

**3.** The petitioners do not claim that they entered into 21 separate plea negotiations.