425 S.E.2d 588

**J. David JUDY, III, Petitioner,**

**v.**

**Honorable Sam WHITE, Judge of the Circuit Court of Doddridge County, Respondent.**

**No. 21324.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 6, 1992.

Decided Dec. 16, 1992.

---

J. David Judy, Judy & Judy, Moorefield, pro se.

Sam White, Judge of the Circuit Court of Doddridge County, West Union, pro se.

Mario Palumbo, Silas B. Taylor, Office of the Atty. Gen., Charleston, amicus curiae for West Virginia Public Defender Services.

McHUGH, Chief Justice:

The issue before us in this case concerns the discretion of a trial judge to alter the amount of attorney fees submitted for approval by court-appointed attorneys for work involving the representation of indigent criminal defendants pursuant to *W.Va.Code*, 29–21–13a [1990]. The petitioner, J. David Judy, III, argues that the respondent, the Honorable Sam White, Judge of the Circuit Court of Doddridge County, violated *W.Va.Code*, 29–21–13a [1990] and this Court's ruling in *Jewell v. Maynard*, 181 W.Va. 571, 383 S.E.2d 536 (1989) when petitioner's voucher for appellate service to an indigent criminal client was submitted for the respondent's approval, and thereafter reduced in amount. The petitioner also contends that, although he submitted a voucher for attorney fees in an amount greater than the amount permitted for a single proceeding under *W.Va.Code*, 29–21–13a [1990], his appellate work should be construed as involving more than one proceeding because at trial, the defendant was convicted on more than one charge. On the other hand, the respondent argues that his reduction of the fee voucher submitted by the petitioner was appropriate because the petitioner claimed a fee that was neither reasonable, necessary, nor valid, and that reduction in such circumstances is permitted by *W.Va.Code*, 29–21–13a [1990]. Also, the West Virginia Public Defender Services has submitted a brief *amicus curiae* and contends that *W.Va. Code*, 29–21–13a [1990] mandates that a single appeal from a single final judgment

order of a trial court constitutes only a single proceeding for attorney fee purposes. We agree with the contentions of the respondent and *amici*.

### I

■ *W. Va. Code*, 29–21–13a [1990] provides, that upon submission of·a voucher claiming attorney fees to the court that appointed the attorney to represent the indigent criminal defendant, "[t]he appointing court shall review the voucher to determine if the time and expense claims are reasonable, necessary and valid and shall forward the voucher to the agency with an order approving payment of the claimed amount or of such lesser sum the court considers appropriate." The language used in this statute is remarkably clear. It leaves to the discretion of the trial court whether to enter an order approving payment of the claimed amount *or for "such lesser sum the court considers appropriate."* Thus, the trial court has wide discretion to determine whether the attorney fees claimed in such a case are "reasonable, necessary and valid." *See Krivonyak v. Hey,* 178 W.Va. 692, 364 S.E.2d 18 (1987). We note also for the record that other jurisdictions with similar statutes also vest wide discretion in trial courts or other adjudicatory bodies to determine the reasonableness of a fee claimed by an attorney appointed by a court to represent an indigent criminal defendant. *See Lindh v. O'Hara,* 325 A.2d 84 (Del.1974); *People v. Parks,* 109 Ill.App.3d 737, 65 Ill.Dec. 303, 441 N.E.2d 95 (1982); *Lowery v. State,* 471 N.E.2d 258 (Ind.1984); *In re Hayes,* 55 Mich.App. 30, 222 N.W.2d 20 (1974); *State v. Robinson,* 313 Or. 565, 835 P.2d 908 (1992); *Tappe v. Circuit Court, etc.,* 326 N.W.2d 892 (S.D.1982); *State v. Mempa,* 78 Wash.2d 530, 477 P.2d 178 (1970).

■ Of course, the discretion of the trial court is not absolute. Under certain circumstances, this discretion can be abused. *See Krivonyak, supra.* For example, if an attorney submits a voucher claiming attorney fees for time spent in court arguing an appeal, and the trial court disallows fees for time so spent, such a disallowal would clearly constitute an abuse of discretion. This standard of review is supported by decisions in other jurisdictions. The Court of Appeals of Michigan has held that "the right of the trial judge to determine or deny fees to appointed counsel should remain clear and unalterable, save for a gross abuse of discretion." *In re Hayes,* 222 N.W.2d at 22. *Also see Gant v. State,* 216 So.2d 44 (Fla.1968); *Lowery v. State,* 471 N.E.2d 258 (Ind.1984); *In Re Mullkoff,* 176 Mich.App. 82, 438 N.W.2d 878 (1989); *In Re Jamnik,* 176 Mich.App. 827, 440 N.W.2d 112 (1989) (the trial court abused discretion by denying any compensation for court-appointed attorney's meeting with indigent client or for attorney's appellate oral argument), *aff'd, People v. Hunter,* 434 Mich. 883, 452 N.W.2d 209 (1990); *State v. Mempa,* 78 Wash.2d 530, 477 P.2d 178 (1970) ("The judge before whom the legal services are performed is in a peculiarly advantageous position to consider and evaluate the factors involved, and his determination [concerning reasonable attorney fees for court-appointed attorney representing indigent criminal defendant] will not ordinarily be disturbed absent a manifest abuse of discretion." *Id.* at 182).

### II

In this case the petitioner was appointed by the respondent to represent an indigent criminal defendant upon appeal to this Court. The petitioner submitted an attorney fee voucher to the respondent for the respondent's approval. Therein, the petitioner claimed attorney fees and expenses totalling $5,418.50. The respondent reduced the amount to $2,500.00 before approving the voucher. The respondent did not state any reasons for this reduction in his approval order.

Upon his receipt of the respondent's order reducing the amount claimed on the voucher, the petitioner declined to request an explanation for the reduction from the respondent. Instead, the petitioner sought a writ of mandamus in this Court to compel the respondent to enter an order for the full amount of attorney fees and expenses claimed by the petitioner. In his petition

the petitioner states, "Petitioner has not contacted Judge White regarding this reduction of the fee voucher insofar as Petitioner's experience with Judge White indicates such contact with him would be of little or no use, and would result in further frustration and annoyance." Despite not seeking any explanation from the respondent, the petitioner asserts that the respondent's reduction order was "arbitrary, capricious, and without foundation."

A rule to show cause was issued by this Court against the respondent on September 2, 1992. In his answer to the petitioner's petition, the respondent informs this Court of the reasoning behind his reduction order. He notes that prior to his appointment as appellate counsel for the defendant, the petitioner also acted as retained counsel for the defendant in the underlying trial proceedings and received a $12,000.00 fee for that representation; that the petitioner then *requested* his appointment as counsel for the defendant upon appeal (apparently, the trial exhausted the defendant's ability to pay the petitioner on a retained basis), stating, "I have gone through this trial and know the information perhaps better than any other counsel at this point"; [1] and that the petitioner's arguments upon appeal were essentially the same as the arguments he made on the defendant's behalf when he acted as retained counsel, yet he claimed 68.5 hours for research and study upon appeal.

### III

We note that *W. Va. Code*, 29–21–13a(b)(3) [1990] states:

(3) The maximum amount of compensation for out-of-court and in-court work under this subsection is as follows: For proceedings of any kind involving felonies for which a penalty of life imprisonment may be imposed, such amount as the court may approve; for all other eligible proceedings, three thousand dollars.

The underlying proceeding did not involve a felony for which the penalty of life imprisonment may be imposed. The aforementioned statute clearly states that "for all other eligible proceedings, three thousand dollars," is the maximum amount of compensation permitted. Although this fact is acknowledged by the petitioner, who submitted a claim for *over* $3000.00, he asserts that his single appeal filed on behalf of the defendant constitutes *four* eligible proceedings. In support of his assertion the petitioner cites the "Instructions for Completion of Defense Counsel Vouchers" ("Instructions"), promulgated by the Public Defender Services to instruct court-appointed attorneys for indigent criminal defendants in the manner by which they may claim fees and expenses. The pertinent section of the "Instructions" cited by the petitioner states:

C. *Definition of a Case for Fee Purposes; What Types of Proceedings Constitute a Separate Case?*

Counsel is entitled to a fee for 'each case' in which representation is provided. W.Va.Code § 29–21–13a(a). *The question arises as to when multiple criminal charges against one client constitute separate cases. Succeeding sections define the fee status of certain other types of proceedings, e.g., appeals,* retrials, ancillary proceedings, and also deal with situations involving one client and several lawyers.

1. *Multiple Charges Against One Client*

Counsel is entitled to only a single fee if one client is the subject of multiple charges disposed of as the result of one series of plea negotiations or tried together and disposed of within a single series of related judicial proceedings. *If, however, the appointing court specifically rules, after applying a double jeopardy analysis, that the multiple charges constitute separate offenses, each offense constitutes a separate case for fee purposes.* This ruling must be evidenced by an Order of court, and a

---

**1.** We note with some concern that the petitioner neglected to inform this Court in his petition that he had acted as retained trial counsel in the underlying proceeding and had been paid a $12,000.00 fee for his retained work.

certified copy (with Circuit Clerk's seal) of the Order must accompany the voucher.

(emphasis added).

We have noted in *Krivonyak v. Hey, supra,* that the "Instructions" may be utilized in a situation similar to this:

Although these instructions have not formally been filed as regulations with the Secretary of State, they are utilized by courts, attorneys, and the Council in requesting or making payment for representation of eligible clients. The Council is also charged with the responsibility for determining that the submitted vouchers meet the statutory requirements. W.Va. Code § 29–21–14(h). It is, therefore, equitable to consider these guidelines in determining whether the petitioners have established a clear legal right to the relief they request.

*Id.,* 178 W.Va. at 693, 364 S.E.2d at 18.[2]

The petitioner asserts that, because the respondent specifically ruled that the four charges against the defendant constituted separate offenses, that each offense constitutes a separate case for fee purposes; therefore, he was permitted to submit a voucher for fees in excess of $3,000.00.[3] *Amici,* on the other hand, notes that the definition of "Multiple Charges Against One Client" for separate case fee purposes applies *only to criminal trials* and not to appeals. *Amici* states that the language, "succeeding sections define the fee status of certain other types of proceedings, e.g. appeals," clearly shows that appeals are not included in the "multiple charges" definition of the "Instructions." In *Krivonyak, supra,* we noted that "[t]he instructions go on to state that appeals from the circuit court to the Supreme Court of Appeals are to be treated as separate cases. *Id.* at –10." *Id.,* 178 W.Va. at 694, 364 S.E.2d at 20. More importantly, however, *W.Va.Code,* 29–21–13a(d) [1990] states: "For purposes of compensation under this section, an appeal to the supreme court of appeals from a final order of the circuit court shall be considered a separate case."

█ It is clear to this Court that *amici's* contention is correct. Single appeals to the West Virginia Supreme Court of Appeals, regardless of the number of convictions appealed from, for the purposes of *W.Va.Code,* 29–21–13a [1990], constitute a single proceeding. Therefore, for that reason alone the respondent did not abuse his discretion in reducing the attorney fees claimed by the petitioner. Petitioner was, at most, eligible for only the $3,000.00 maximum attorney fees permitted by *W.Va. Code,* 29–21–13a [1990].

IV

█ However, we must also address the respondent's reduction of fees below the $3,000.00 maximum allowed for appeals as the petitioner clearly claimed more than that amount in his voucher. *W.Va.Code,* 29–21–13a [1990] mandates that a trial court review vouchers submitted by court-appointed attorneys for indigent criminal defendants to determine if the time and expense claims made therein are reasonable, necessary and valid; and said trial court shall then forward the voucher to the agency with an order approving payment of the claimed amount or such lesser sum as the trial court considers appropriate. The decision of the trial court in that regard will not be altered by the West Virgi-

---

**2.** In *Krivonyak* we addressed two court-appointed attorneys' contentions that, although the charges against their indigent client had been resolved in a plea bargain agreement, they had intended to resolve the twenty-one charges against their client in twenty-one separate trials, and should therefore be eligible for fees for twenty-one separate proceedings. We declined to find that the trial court had abused its discretion in that case because the petitioners therein cited "no cases which would have given the defendant a right to twenty-one separate trials, nor do they include any type of record or legal argument tending to show that such separate trials would have taken place." *Id.,* 178 W.Va. at 694, 364 S.E.2d at 20 (footnote omitted).

In this instant case we are concerned only with a single appeal from a single trial. Petitioner does not assert that he was entitled to file four separate appeals to this Court, nor did he attempt to do so.

**3.** The defendant in the underlying action was charged and convicted of four counts of involuntary manslaughter, all of which arose from the same transaction.

nia Supreme Court of Appeals absent an abuse of discretion.

■ In this case the respondent failed to state any reasons for his reduction order at the time of the order. No reasons for such order have been requested by the petitioner. Still, in answer to the petitioner's petition for writ of mandamus with this Court, the respondent gave several valid reasons in support of his reduction order, none of which approach the standard of amounting to an abuse of discretion in this case.

Nonetheless, the respondent asserts that the petitioner may still present evidence contradicting the respondent's finding. We agree. However, we also believe that in the future trial courts should give a brief explanation of orders reducing attorney fee claims under *W. Va. Code,* 29–21–13a [1990]. The Court of Appeals of Oregon, grappling with a similar situation, devised the following formula:

> In sum, (1) the Court of Appeals [in Oregon the Court of Appeals acts as the trial court does in West Virginia for fee setting purposes] shall set attorney fees based on its determination of reasonableness of the fee requested for the work product; (2) if the Court of Appeals reduces the amount of the fee claimed, the court shall provide the appointed counsel with a brief explanation for the reduction; (3) in the event of a reduction by the Court of Appeals, appointed counsel may petition for reconsideration and submit additional documentation and explanation to the court without appearance; (4) the Court of Appeals shall set the final amount of compensation without further explanation; and (5) to the extent this assessment of the lawyer's work is factual, the Court of Appeals' factual decision is final.

*State v. Longjaw,* 307 Or. 47, 761 P.2d 1331, 1334 (1988).

■ Likewise, we believe that in the future trial courts must give a brief explanation for any order reducing the amount of fees claimed by a court-appointed attorney by virtue of *W. Va. Code,* 29–21–13a [1990]. Said explanation must provide enough guidance for the court-appointed attorney to respond meaningfully by petitioning the trial court for reconsideration of the reduction order and allowing the attorney to submit additional supporting written documentation and explanation without appearance. The trial court shall then set the final amount of compensation without further explanation. Absent an abuse of discretion, the trial court's decision is final. Appeals to this Court from such decisions should therefore be rare. *See generally State v. Robinson,* 313 Or. 565, 835 P.2d 908 (1992).

## V

■ The petitioner also asserts that the respondent's reduction order violates his "constitutional rights" as discussed by this Court in *Jewell v. Maynard, supra.* Petitioner does not cite any constitutional provision violated nor does he specify how our decision in *Jewell* is applicable to this case. In *Jewell* we held that the hourly level of pay for court-appointed attorneys for indigent criminal defendants mandated by the *W. Va. Code,* did not meet constitutional standards *at that time.* In syllabus point 7 of *Jewell* we stated:

> The rates of hourly pay, limits on number of compensable hours, and limits on expenses, originally established by the legislature in 1977, (now *W. Va. Code,* 29–21–13 [1989] ) for court-appointed cases, are now so low that they fail to meet constitutional standards; however, the court's order with regard to a remedy will be stayed until 1 July 1990 in order to afford the legislature an opportunity to solve the problem.

In response to our decision, the West Virginia legislature raised the level of pay for said attorneys to a constitutionally acceptable standard. *W. Va. Code,* 29–21–13a(b) [1990] states, in part:

> (b) In each case in which a panel attorney provides legal representation under this article, and in each appeal after conviction in circuit court, the panel attorney shall be compensated at the following rates for actual and necessary time expended for services performed and ex-

penses incurred subsequent to the effective date of this article [July 1, 1990]:

(1) For work performed out of court, compensation shall be at the rate of forty-five dollars per hour. Out-of-court work includes, but is not limited to, travel, interview of clients or witnesses, preparation of pleadings, and pre-hearing or pretrial research.

(2) For work performed in court, compensation shall be at the rate of sixty-five dollars per hour. In-court work includes, but is not limited to, all time spent awaiting hearing or trial if the presence of the attorney is required at the time.

Although in both *Jewell* and the earlier case of *State ex rel. Partain v. Oakley*, 159 W.Va. 805, 227 S.E.2d 314 (1976), we held that the level of pay for attorneys appointed to represent indigent criminal defendants was so low as to amount to an unconstitutional taking of property, we nonetheless recognized that it is the responsibility and prerogative of the West Virginia legislature to establish constitutionally acceptable attorney fee rates. The responsibility of this Court, on the other hand, is not to *legislate* attorney fee rates, but to merely rule, when appropriate, on the constitutionality of such rates.

In this case there has been no assertion that the rates of attorney fees established by *W.Va.Code*, 29–21–13a [1990] are unconstitutional. It would be incorrect to assert that any time a trial court reduces an attorney fee amount submitted by voucher pursuant to *W.Va.Code*, 29–21–13a [1990], such reduction amounts to an unconstitutional taking of property. That is not the case. *W.Va.Code*, 29–21–13a(a) [1990] clearly provides for the trial court to act as a check upon the amount of attorney fees claimed pursuant to that statute.

### VI

For one to be granted a writ of mandamus, one must show a clear legal right to the writ and a corresponding duty on the part of the respondent to perform the action sought:

'To entitle one to a writ of mandamus, the party seeking the writ must show a clear legal right thereto and a corresponding duty on the respondent to perform the act demanded.' Syl.Pt. 1, *State ex rel. Prince v. West Virginia Department of Highways*, 156 W.Va. 178, 195 S.E.2d 160 (1972).

Syllabus, *Krivonyak, supra.* In this case the petitioner has not shown a clear legal right to an order from the trial court granting him attorney fees and costs in the amount of $5,418.50. Accordingly, the writ prayed for in this case is denied and the rule to show cause is discharged.

Writ denied.