452 S.E.2d 728

**Claude BROWN, Petitioner Below, Appellant,**

v.

**Roy THOMPSON, Sheriff, Respondent Below, Appellee.**

**No. 22227.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 4, 1994.

Decided Dec. 21, 1994.

Concurring Opinion of Justice Cleckley Jan. 6, 1995.

William B. Carey, Berkely Springs, for appellant.

Michael D. Lorensen, Bowles Rice McDavid Graff & Love, Martinsburg, for appellee.

## PER CURIAM:

This matter is before the Court on appeal from an August 30, 1993, order of the Circuit Court of Jefferson County awarding attorney's fees in a civil rights action filed pursuant to 42 U.S.C. § 1983. The Appellant, Claude Brown, contends that the award of attorney's fees was unjustifiably low and requests this court to remand this matter for an appropriate award. We find that the lower court completed a thorough evaluation of the issue and awarded an appropriate amount of attorney's fees and accordingly, affirm the ruling of the circuit court.

1. 42 U.S.C. § 1988 provides, in pertinent part, as follows: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, ... of the Civil Rights Act of 1964, the court, in its

## I.

The civil rights action from which this appeal arises concerns the alleged poor treatment of an inmate, the Appellant, at the Jefferson County Jail. Apparently, after being treated rather harshly by the Sheriff of Jefferson County, Roy Thompson, ("Appellee"), the Appellant retained Mr. William B. Carey to represent him in a civil rights action predicated on 42 U.S.C. § 1983.

Initially, Mr. Carey contacted the Appellee's insurer, CNA Insurance Company ("CNA"), to file a claim and attempt to settle the matter without resorting to protracted litigation. CNA refused to pay the claim, however, and Mr. Carey filed suit on behalf of the Appellant. As the result of a jury trial held in August 1981, Appellant was awarded a verdict in the amount of $25,000 on his civil rights claim.

Thereafter, Mr. Carey sought to recover his fees and expenses pursuant to 42 U.S.C. § 1988.[1] Mr. Carey submitted an itemized claim of $68,407.50 in attorney's fees and $1,413.53 in expenses. The parties agreed that 42 U.S.C. § 1988 was the authority governing the award of attorney's fees. The Appellee, however, contended that: (1) the fee requested by Mr. Carey was not reasonable; (2) that the proof of time devoted to the matter by Mr. Carey was not adequate; (3) that expenses of preparing the fee application are not recoverable; and (4) that various items sought by Mr. Carey were not properly recoverable under the controlling statute.

The lower court engaged in an exhaustive analysis regarding the issue of determining appropriate attorney's fees. As a result of this analysis, the trial court entered a lengthy order awarding Mr. Carey $30,000 for fees and $300 for expenses relating to the prosecution of the civil rights claim for the Appellant.

## II.

The circuit court applied the standard established in *Johnson v. Georgia Highway*

discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

*Express, Inc.,* 488 F.2d 714 (1974), for evaluating the reasonableness of an award of attorney's fees in a civil rights action. The *Johnson* standard requires an examination of the requested fees in light of the following factors:

(1) The time and labor required.

(2) The novelty and difficulty of the questions.

(3) The skill requisite to perform the legal service properly.

(4) The preclusion of other employment by the attorney due to acceptance of the case.

(5) The customary fee.

(6) Whether the fee is fixed or contingent.

(7) Time limitations imposed by the client or the circumstances.

(8) The amount involved and the results obtained.

(9) The experience, reputation, and ability of the attorneys.

(10) The 'undesirability' of the case.

(11) The nature and length of the professional relationship with the client.

(12) Awards in similar cases.

*Id.* at 717–19 (emphasis omitted); *accord Daly v. Hill,* 790 F.2d 1071 (4th Cir.1986); *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 (4th Cir.), *cert. denied,* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978) (adopting *Johnson* factors).[2] This approach to evaluating attorney's fees "was endorsed by Congress when it enacted [42 U.S.C.] § 1988" and was "approved of by the Supreme Court in *Hensley v. Eckerhart,* 461 U.S. 424, 434 n. 9 ... [103 S.Ct. 1933, 1940 n. 9, 76 L.Ed.2d 40] (1983)." *Daly,* 790 F.2d at 1075 n. 2.

It is apparent from the eleven-page order entered by the trial court below, that the court thoroughly examined the issue of appropriate attorney's fees. The court first reviewed "the number of compensable hours counsel claims was reasonably necessary to

produce the benefits conferred." The court noted Mr. Carey's position as follows:

Mr. Carey claimed that he had spent 496 hours on the case, of which approximately 142 were spent on the attorney's fees issue. Mr. Carey claimed an hourly fee of $100.00 for work performed prior to January 1, 1990, $135.00 for work prior to January 1, 1993, and $150.00 per hour for his most recent work.... Mr. Carey claimed that he had spent 73.25 hours at $100.00 an hour and 422.75 hours at $135.00 an hour for a total lodestar amount of $64,396.25.

The court concluded that "the claimed hours are excessive in relation to tasks performed."[3] To illustrate its point, the court expounded:

it should not take an experienced attorney half an hour to write a four-sentence motion to compel; ... it should not take one-half hour to prepare a one-sentence stipulation dismissing Plaintiff's claim for punitive damages; ... it should not take one-fourth an hour to prepare a notice of appearance of counsel; and ... it should not take a quarter of an hour to prepare a one-sentence cover letter to a judge or circuit clerk.

Since Mr. Carey had not maintained contemporaneous time records during his representation of Mr. Brown, he was required to go back and reconstruct the time spent on the case. When seeking an award of attorney's fees, he included in the amount sought, the hours which he had spent reconstructing his time records as well as time spent preparing briefs and filing motions in his attempt to obtain the fees. On this issue, the court determined that:

In considering the number of hours claimed by Mr. Carey, the Court will consider only those hours spent by Mr. Carey in the prosecution of Claude Brown's civil rights claim. Thus, Mr. Carey will not be paid for the time expended in keeping time records, nor will he be paid an attorney's

---

**2.** These same twelve factors have been adopted by this Court for use in determining the reasonableness of an attorney's fee in general. *See* Syl. Pt. 4, *Aetna Casualty & Sur. Co. v. Pitrolo,* 176 W. Va. 190, 342 S.E.2d 156 (1986).

**3.** An example of such a claim was Mr. Carey's attempt to get paid over $50.00 for writing simple one paragraph letters and reviewing same.

fee for the time expended in briefing and arguing the attorney fee issue.

On the number of hours to be utilized for calculating the fee award, the Court looked to the 354 hours claimed for actual work on the case, as opposed to those claimed for collecting attorney's fees, and determined that Mr. Carey was entitled to be paid for 300 hours. Given the court's extensive evaluation of the time records submitted and its reasoning regarding its reduction of hours requested, we are unable to find any abuse of discretion by the trial court.

After considering additional *Johnson* factors such as whether Mr. Carey was precluded from other employment because of the time spent on representing Mr. Brown and the consistency of the hourly rate sought as compared to prevailing market rates,[4] the court concluded: "Based on the findings made in this Opinion, the Court finds that an hourly rate of $100.00 for the work done by Mr. Carey is reasonable." As the court explained, its use of an hourly fee of $100.00 per hour was done consistent with the "lodestar"[5] approach to reflect the quality of Mr. Carey's representation among other things.

■■ As the *Johnson* court made clear, "[t]he reasonableness of the award [of attorney's fees] is to be judged by the abuse of

discretion standard of review." 488 F.2d at 717. And as this Court recognized with regard to review of statutorily-mandated attorney's fees in the context of appointed criminal counsel in *Judy v. White,* 188 W.Va. 633, 425 S.E.2d 588 (1992), "[a]bsent an abuse of discretion, the trial court's decision is final." *Id.* at Syl. Pt. 3, in part. After reviewing this matter, we are satisfied that the circuit court did not abuse its discretion in awarding an amount of attorney's fees to Mr. Carey. Accordingly, we therefore affirm the decision of the lower court.

Affirmed.

BROTHERTON, C.J., did not participate.

MILLER, J., Retired, sitting by temporary assignment.

CLECKLEY, J., concurs, and reserves the right to file a concurring opinion.

CLECKLEY, Justice, concurring:

I agree with the majority that the circuit court's findings were adequate; that it reached reasonable conclusions in calculating the "lodestar"; and that, in light of the deference we owe to the circuit court, its decision must be affirmed.[1] I write separately only

---

4. On this issue, the court opined:

Hourly rates of $135.00 or $150.00 are excessive.... Mr. Carey may have found clients who were willing to pay that fee from time to time, but the vast majority of the work previously done by Mr. Carey was not at the rate of even $100.00 per hour. The going rate for legal services in Berkeley Springs is not, even today, $100.00 an hour. An[d] even if it were, it would be unconscionable to permit an attorney to charge $100.00 an hour for reviewing a letter or filing a simple motion.

5. The "lodestar" method, approved by the United States Supreme Court for use in civil rights cases, refers to calculating attorney's fees by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly fee. *See Hensley,* 461 U.S. 424, 103 S.Ct. 1933. As the trial court commented in its order,

The Court is aware that the guidelines for 'lodestar' are not as clear as they might be. Some courts first determine fees by the number of hours worked multiplied by the normal billing rates and then modify this amount by taking into consideration the *Johnson* factors. Other courts use the *Johnson* factors in arriving at a lodestar figure.

1. This case was litigated under 42 U.S.C. § 1983, making the attorney fee provision of Section 1988 applicable. Under federal standards, decisions by a circuit court to matters of law are reviewable *de novo,* questions of fact are reviewable for "clear error," and matters that are committed to its discretion are reviewable for an "abuse of discretion." Thus, the majority opinion is correct in applying an abuse of discretion standard to our review of the circuit court's decision to award attorney fees in a federal claim. *See Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *Rum Creek Coal Sales, Inc. v. Caperton,* 31 F.3d 169 (4th Cir.1994). In *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40, 53 (1983), the Supreme Court stated:

"We reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award."

to point out that the time expended by an attorney for a prevailing civil rights plaintiff in pursuing and justifying a reasonable fee should ordinarily be compensated and included in the final lodestar award.[2] Here, however, the circuit court apparently discounted the hours Mr. Carey spent litigating the fee because some of them included time spent reconstructing his hours in the case (since he did not keep contemporaneous records as he should have)[3] and because what he sought was not reasonable. I do not find that reasoning to be an abuse of discretion. With that understanding, I concur.

I believe the circuit court substantially complied with the mandate articulated in *Hensley.*

2. As indicated by the *amicus* brief, the cases are "virtually unanimous" that a prevailing party is entitled to recover as part of his attorney fee award the hours spent on preparing the fee petition and litigating the propriety of an attorney fee. *See Bagby v. Beal,* 606 F.2d 411 (3rd Cir. 1979); *Davis v. City and County of San Francisco,* 976 F.2d 1536 (9th Cir.1992), *vacated in part on denial of rehearing,* 984 F.2d 345 (1993).

3. There is ample authority to suggest that a circuit court may properly lower an attorney's fee request for his failure to keep adequate and contemporaneous records. In note 13 of *Hensley v. Eckerhart,* 461 U.S. at 438, 103 S.Ct. at 1942, 76 L.Ed.2d at 54, the Supreme Court stated: "In addition, the District Court properly considered the reasonableness of the hours expended, and reduced the hours of one attorney by thirty percent to account for his inexperience and *failure to keep contemporaneous time records.*" (Emphasis added).