894 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David W. FREEMAN; Barbara M. Freeman, Defendants-Appellants,
and
Pendleton County Bank, Defendant.
 No. 89-2701.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 11, 1989.
Decided: Jan. 11, 1990.
 
 Harry A. Smith, III, Busch, Jory, Smith & Talbott, on brief, for appellants.
 Shirley D. Peterson, Assistant Attorney General; Gary R. Allen, William S. Estabrook, Kevin M. Brown, Tax Division, United States Department of Justice; William A. Kolibash, United States Attorney, on brief, for appellee.
 Before PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Following a nonjury trial, the district court set aside the conveyance of the one-half interest in 298 acres of land located in Pendleton County, West Virginia, that had been conveyed by David W. Freeman to his common law wife, Barbara M. Freeman, on September 16, 1974. The court found that the conveyance was a fraud against creditors, including the United States of America, because of the close relationship of the parties, the lack of consideration for the conveyance, the retention of the property by the grantor, and the possible litigation David Freeman was facing at the time of the conveyance. The court directed that David Freeman's interest in the real estate be sold at public auction and that the proceeds be applied to the payment of unpaid taxes due the United States.
 
 
 2
 Both of the Freemans appeal and claim error by the district court in finding that the conveyance was fraudulent and in giving full faith and credit to a judgment of the Circuit Court of Pendleton County, West Virginia, entered August 9, 1976, which had found the conveyance fraudulent and set it aside. We find no merit in either exception, and we affirm.
 
 
 3
 The district court made detailed findings of fact in which it traced the funds used to purchase the land and the facts that prompted David Freeman to convey his interest to Barbara Freeman. At the time, he owed taxes to the United States, had just shot one Carleton Temple with a pistol, and was facing the possibility of a civil action being filed by Temple. Such an action was filed in the Circuit Court of Pendleton County, West Virginia, just nine days after the conveyance, and was brought against both of the Freemans. It alleged the tort of battery against David Freeman and claimed that the September 16, 1974, conveyance from David Freeman to Barbara Freeman was fraudulent because it was made in anticipation of the lawsuit and with the intent of preventing any recovery by Temple. The Temple suit was settled for an agreed amount prior to trial, but when David Freeman did not make payment as agreed, the Circuit Court, with the consent of the attorneys for all parties, entered a default judgment which set aside the September 1974 conveyance. Temple did not proceed further against the real estate, because after the state court set aside the conveyance, the amount of the settlement was paid. This action of the state court was not appealed and no action or petition has been taken or filed to have it set aside.
 
 
 4
 The judicial proceedings of a state court are entitled to full faith and credit in the courts of the United States under 28 U.S.C. Sec. 1738. Federal courts have consistently applied res judicata and collateral estoppel to causes of action and issues decided by state courts. Allen v. McCurry, 449 U.S. 90, 95-6, 101 S.Ct. 411, 415-6, 66 L.Ed.2d 308 (1980). Although the judgment in question was by consent of the attorneys, West Virginia state courts give preclusive effect to consent judgments. State ex. rel. Prince v. Department of Highways, 156 W.Va. 178, 195 S.E.2d 160 (1972).
 
 
 5
 Although the judgment in question has been in effect and unchallenged for thirteen years, the appellants now seek to escape its preclusive effect, but their arguments are unpersuasive. Even without consideration of the prior order of the Circuit Court of Pendleton County, the evidence presented in the federal court supporting the setting aside of the September 16, 1974, conveyance is overwhelming. Where the conveyance of real estate is from husband to wife for less than adequate consideration and when the rights of creditors are involved, the burden is upon the grantor to produce evidence to uphold the transaction, and "to prove the facts clearly and fully." Bradley v. Kenova Trading Co., 93 W.Va. 102, 107, 115 S.E. 866, 868 (1923). Here the Freemans face an impossible task because of their total lack of credibility. Barbara Freeman admitted lying under oath, and her prosecution for perjury was only avoided by a plea agreement entered into by David Freeman with the United States, by which the government agreed not to prosecute her. David Freeman's credibility stands in no better light. The district court found the facts necessary to justify the judgment setting aside the conveyance, and such findings are not clearly erroneous.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.
 
 
 7
 AFFIRMED.