Submitted on briefs April 30, affirmed in part; reversed in part and remanded August 5, 1976

SLOCUM et al, *Respondents,*

*v.*

HARDER et ux, *Appellants.*

553 P2d 349

Paul D. Clayton, and Luvaas, Cobb, Richards & Fraser, Eugene, for appellants.

Robert H. Anderson, and Stults, Murphy & Anderson, Roseburg, for respondent Randolph Slocum.

Eldon F. Caley, and Long, Neuner, Dole, Caley & Kolbert, Roseburg, for respondent Homer K. Williams, Jr.

HOLMAN, J.

*Bryson, J., did not participate in the decision of this case.

## HOLMAN, J.

Plaintiffs, Slocum and Williams, filed suit to foreclose a land sales contract. The contract contained a provision that in case suit or action were instituted by any of the parties to the contract to enforce it, the prevailing parties would be entitled to attorney fees. Defendants filed an answer setting forth certain denials and affirmative defenses and asking for attorney fees. Thereafter, plaintiff Slocum filed a motion requesting his removal as a party to the case because subsequent to the commencement of the suit he had conveyed his entire interest in the contract and the property covered by it to plaintiff Williams.

The trial court granted the motion over defendants' objection that removal of Slocum as a party would prevent defendants from securing a judgment against Slocum for attorney fees in the event defendants prevailed. Subsequent to Slocum's removal as a party, the remaining plaintiff, Williams, applied for and was granted a voluntary nonsuit. The court then determined that defendants were entitled to a judgment against Williams for $1,000 as attorney fees. Defendants appeal from the trial court's order dismissing Slocum as a party plaintiff and from the amount of attorney fees awarded against Williams, claiming such fees to be inadequate.

The parties cite no statute or case law which directly relates to the trial court's authority in such a circumstance to delete a plaintiff as a party to a suit. The court's order, in effect, accomplished two things: It granted a voluntary nonsuit to Slocum on his affirmative claims and, in addition, it removed him as a party to the litigation for all purposes. Defendants admit it was within the trial court's authority to grant a voluntary nonsuit under ORS 18.230(1)(a)[1] but claim the

___

[1] "A judgment of nonsuit may be given:

"(a) As a matter of right, on motion of the plaintiff filed with the court and served on the defendant no less than five days prior to the

court did not have the additional authority to remove Slocum as a party to the case at a time when he was subject to a request for attorney fees because of his instigation of the suit in question.

■ In the absence of specific statutory direction, common sense dictates that it was not proper nor within the court's discretion to delete Slocum as a party to the case at a time when the potentiality of a judgment against him existed. It enabled Slocum to avoid liability for attorney fees resulting from his action in instigating the suit in the first place. Admitting the court's authority to grant him a voluntary nonsuit on his affirmative claim, we hold that Slocum was still, in effect, a defendant as to defendants' then existing request for attorney fees.

■ Slocum contends that ORS 13.030,[2] which concerns real parties in interest, has application and that the court properly removed him as a party because he no longer had any interest in the litigation. He may have had no further interest in asserting his rights as a plaintiff, but that is not to say he has no responsibility to defendants for a claim for attorney fees which had been asserted by them prior to his removal.

■ Slocum also asserts that defendants did not take the proper means to assert their rights because they did not make objection by demurrer or answer to his

---

day of trial if no counterclaim has been pleaded; if a counterclaim has been pleaded or if it is less than five days prior to the day of trial, the allowance of the motion shall be subject to the discretion of the court.

"* * * * *."

This statute says nothing about the court's authority to remove a plaintiff completely from the case so that he may avoid a claim (whether or not it comes within the technical definition of a counterclaim) asserted against him by a defendant.

[2]"Every action or suit shall be prosecuted in the name of the real party in interest, except that an executor or an administrator, a trustee of an express trust, or a person expressly authorized to sue by statute, may sue without joining with him the person for whose benefit the action or suit is prosecuted. A person with whom, or in whose name a contract is made for the benefit of another, is a trustee of an express trust within the meaning of this section. This section does not authorize the assignment of a thing in action not arising out of contract."

removal from the case on the basis that there was a defect in the parties plaintiff. Defendants objected by the only means available to them which was by resistance to the motion. Neither a demurrer nor an answer would have reached the issue.

■■ Another of Slocum's assertions is that even if the trial court's action was erroneous, defendants were not prejudiced. Defendants are not entitled to two attorney fees for defending one action brought by two plaintiffs, but there is no proof in the record from which we can determine whether defendants can collect their present judgment for attorney fees against Williams. Therefore, there is no basis for asserting that prejudice did not result to defendants.

■ Defendants contend that the amount of attorney fees awarded to them by the trial court against Williams was inadequate. The amount awarded was less than requested and less than the evidence indicated. However, the amount set was within the discretion of the trial court as long as it was not more than the amount of which there was evidence.

■ The action of the trial court in dismissing plaintiff Slocum as a party to the suit is reversed and the case is remanded for the allowance of attorney fees against Slocum. The amount of attorney fees awarded by the court against Williams is affirmed. Defendants are awarded costs against Slocum; Williams is awarded costs against defendants.