Argued and submitted July 14, remanded to the Court of Appeals for reconsideration October 4, 1988

STATE OF OREGON,
*Respondent on Review,*

*v.*

CHARLES ANTHONY LONGJAW,
aka Clifford Russell,
*Petitioner on Review.*

(CC C86-02-30752, C86-02-30804; CA A41491; SC S34829)

In the Matter of
Tyrone Washington, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent on Review,*

*v.*

WASHINGTON,
*Petitioner on Review.*

(CC 68-922; CA A42384; SC S34918)

761 P2d 1331

Bernard Jolles, Portland, argued the cause for petitioners on review. Jenny M. Cooke, Portland, filed the petitions for review.

Kendall Barnes, Assistant Attorney General, Salem, argued the cause for respondents on review.

George A. Riemer, General Counsel, Oregon State Bar, Lake Oswego, filed a brief on behalf of *amicus curiae* Oregon State Bar.

Paul S. Petterson, Portland, filed a brief on behalf of *amicus curiae* Oregon Criminal Defense Lawyers Association.

Before Lent, Presiding Justice, and Linde, Campbell, Carson, Jones and Gillette, Justices.

PER CURIAM

## PER CURIAM

These cases merely require a simple application of two Oregon statutes. But they also involve one of the most perplexing problems currently confronting the criminal justice system in this state. That problem is how adequately to provide and pay for appointed counsel for indigent defendants charged with violations of state criminal laws. The two cases at issue concern the calculation and payment of attorney fees of appointed counsel for indigent criminal defendants and do not involve the underlying substantive criminal law issues previously decided. *State v. Longjaw,* 88 Or App 471, 745 P2d 827 (1987), *rev den* 305 Or 21 (1988); *State ex rel Juv. Dept. of Multnomah County v. Washington,* 88 Or App 647, 746 P2d 263 (1987), *rev den* 305 Or 476 (1988).

ORS 138.500(3) provides in part that, with respect to cases heard by them involving counsel appointed to represent the indigent accused, Oregon appellate courts

"shall determine and allow *fair* compensation for counsel appointed * * *. Compensation * * * shall not be less than the applicable minimum compensation set forth in the schedule established under ORS 151.430(5). * * *" (Emphasis added.)

ORS 151.430(5), which is made applicable to appeals by subsection (2) of the same section, provides:

"The State Court Administrator shall establish a schedule of *fair* compensation payable to appointed counsel compensated by the state to represent indigents in the state courts. No compensation set forth in the schedule shall be less than $30 per hour." (Emphasis added.)

The combined effect of the statutes is that appointed counsel for indigent criminal defendants are to receive fair compensation that is not less than the minimum specified by the legislature.

We interpret "fair" compensation to encompass the concept of "reasonableness." The Oregon Rules of Appellate Procedure incorporate the theme of reasonableness of the attorney fees in ORAP 11.11, which provides that appointed counsel must petition the appellate courts for attorney fees:

"The petition [for appointed counsel attorney fees] must set forth a brief statement of the attorney time involved, the time devoted to each task, its *reasonableness,* the amount

claimed, the *reasonableness* of that amount, whether or not any payment has been promised or received from the defendant or any other source and the date of appointment." (Emphasis added.)

The Court of Appeals decides the amount of attorney fees to be granted under the statutes based upon the ORAP 11.11 petition.

■　　The problem arises when the Court of Appeals awards less than the requested fee. In the cases before us, without explanation, the Court of Appeals substantially reduced the amount of requested attorney fees. Petitioner claims that the court must accept without question the amount of hours set forth in the petition. The court is not so bound. The amount claimed must be reasonable, which includes the reasonableness of the time expended in representing the particular client involved. ORAP 11.11 provides for a meaningful review by the Court of Appeals on the issue of reasonableness of the fees. If a petitioner is correct, petitioner could simply file a voucher with the state treasurer or court administrator for compensation for the amount of time and expense incurred. The statutes, however, contemplate a check on the reasonableness of the amount claimed.

■　　Appointed counsel must submit documentation to the court that will support the claim for compensation.[1] If the court determines that the claim is unreasonable or unwarranted, the court may reduce the claim accordingly.

■■　　If the court reduces the amount of the claim, counsel[2] must be given an opportunity to respond by submitting additional documentation or explanation to the court. The court then decides whether to allow or deny further compensation. The court is the final arbiter of any dispute over the amount of attorney fees, but the court cannot act arbitrarily in making its decision. It cannot, for example, cut a request willy-nilly or because of a perceived lack of funds to pay for the indigent defense. It is up to the legislature to provide the funds. The

---

[1] See Appendix L1 to ORAP 11.11.

[2] This case is in a different cast than the usual petition for attorney fees and costs where the fees are paid by the client. Here the fees are paid by the state. But the client may in some cases be held responsible to repay the fees to the state. In any event, under the circumstances, counsel may petition the court for reconsideration of the decision concerning attorney fees.

court should evaluate the legal product for which compensation is claimed.

■■    If the court finds that too much time is claimed, *e.g.,* the claim is for 10 hours' work and the court finds that it probably took the lawyer only half that time, the court should reduce the amount accordingly.[3] Likewise, if the court finds the appointed counsel expended too much time for a specific task, the court may reduce the claim to what would be a reasonable time. The court should provide the appointed counsel with a brief explanation for the reduction. If a brief is nothing more than a poorly crafted "boiler plate" document, the court may set the fee for such legal effort or lack of it. The object is to provide a defense for the client, not a training ground for appointed counsel. The statute contemplates fully trained appointed counsel who are professionally prepared to represent the alleged offender and to do so within reasonable time constraints. If the court finds the quality of the work is exceptionally high, it may allow compensation above the statutory minimum. ORS 138.500(3) provides that the compensation shall "not be less than the applicable minimum" amount. There is no restriction against awarding more.

## CONCLUSION

In sum, (1) the Court of Appeals shall set attorney fees based on its determination of reasonableness of the fee requested for the work product; (2) if the Court of Appeals reduces the amount of the fee claimed, the court shall provide the appointed counsel with a brief explanation for the reduction; (3) in the event of a reduction by the Court of Appeals, appointed counsel may petition for reconsideration and submit additional documentation and explanation to the court without appearance; (4) the Court of Appeals shall set the final amount of compensation without further explanation; and (5) to the extent this assessment of the lawyer's work is factual, the Court of Appeals' factual decision is final.

These cases are remanded to the Court of Appeals for reconsideration in light of this opinion.

---

[3] If the court finds the claim amounts to fraud, the matter should be reported to the Oregon State Bar for disciplinary investigation.