STATE OF OREGON,
*Respondent on Review,*

*v.*

WAYNE SAMUEL ROBINSON,
*Defendant-Appellant,*

Laura GRASER,
*Petitioner on Review.*

(CC C90-0112CR; CA A65018; SC S38465)

835 P2d 908

Jeffrey M. Batchelor, of Lane Powell Spears Lubersky, Portland, argued the cause for petitioner on review. Laura Graser, Portland, filed the petition *in propria persona.*

Jonathan H. Fussner, Assistant Attorney General, Salem, waived argument for respondent on review.

Bradley F. Tellam, Assistant General Counsel, Lake Oswego, filed a brief on behalf of *amicus curiae* Oregon State Bar.

Paul S. Petterson, Portland, filed a brief on behalf of *amicus curiae* Oregon Criminal Defense Lawyers Association.

PETERSON, J.

Gillette, J., filed a concurring opinion in which Unis, J., joined.

Fadeley, J., filed a dissenting opinion.

## PETERSON, J.

Petitioner is a lawyer who was appointed to represent an indigent defendant on appeal. ORS 138.500(1). After the Court of Appeals decided the case, petitioner requested an attorney fee based on 35.8 hours of time working on the appeal. ORS 138.500(4). The Court of Appeals reduced her claim by 8 hours and ordered payment for 27.8 hours. Petitioner requested reconsideration by the Court of Appeals. The court denied reconsideration without further explanation. Petitioner seeks review. She asserts that, because the Court of Appeals did not provide a sufficient explanation of why there was a reduction in the attorney fee claimed, this court should "reverse the Court of Appeals, and * * * direct the Court of Appeals to order payment in full or to provide a published explanation for the fee reduction." Because the Court of Appeals' explanation was sufficient, we affirm its decision.

ORS 138.500(1) provides for appointment of counsel to handle the appeals of persons who are "without funds to employ suitable counsel." ORS 138.500(4) states in part:

"After oral argument on the appeal or, if there is no oral argument, after submission of the appeal to the court for decision, the Court of Appeals shall * * * certify a reasonable amount of compensation for counsel appointed under [ORS 138.500(1)]."

In *State v. Longjaw*, 307 Or 47, 761 P2d 1331 (1988), an appointed lawyer whose fee petition had been disallowed in part by the Court of Appeals petitioned this court for relief, claiming that the Court of Appeals erred in reducing her claim for legal services provided to indigent defendants. This court held:

"Petitioner claims that the court must accept without question the amount of hours set forth in the petition. The court is not so bound. * * * The statutes * * * contemplate a check on the reasonableness of the amount claimed.

"Appointed counsel must submit documentation to the court that will support the claim for compensation. If the court determines that the claim is unreasonable or unwarranted, the court may reduce the claim accordingly.

"If the court reduces the amount of the claim, counsel must be given an opportunity to respond by submitting additional documentation or explanation to the court. The court then decides whether to allow or deny further compensation. The court is the final arbiter of any dispute over the amount of attorney fees, but the court cannot act arbitrarily in making its

decision. * * *

"If the court finds that too much time is claimed, *e.g.*, the claim is for 10 hours' work and the court finds that it probably took the lawyer only half that time, the court should reduce the amount accordingly. Likewise, if the court finds the appointed counsel expended too much time for a specific task, the court may reduce the claim to what would be a reasonable time. The court should provide the appointed counsel with a brief explanation for the reduction. * * *

"* * * * *

"In sum, (1) the Court of Appeals shall set attorney fees based on its determination of reasonableness of the fee requested for the work product; (2) if the Court of Appeals reduces the amount of the fee claimed, the court shall provide the appointed counsel with a brief explanation for the reduction; (3) in the event of a reduction by the Court of Appeals, appointed counsel may petition for reconsideration and submit additional documentation and explanation to the court without appearance; (4) the Court of Appeals shall set the final amount of compensation without further explanation; and (5) to the extent this assessment of the lawyer's work is factual, the Court of Appeals' factual decision is final." 307 Or at 50-51 (footnotes omitted).

After the *Longjaw* decision, but before its decision in this case, the Court of Appeals adopted this procedure for considering petitions for compensation:

"Petitions for Attorney Fees and Costs: Court-Appointed Attorney Cases

"A petition for compensation and expenses of court-appointed counsel is reviewed by the Appellate Records Section to determine whether the petition complies with ORAP 13.15. The petition is then forwarded to the Motions Department for decision. A copy of the petition is sent to the judge who wrote the opinion or, if the case was decided without opinion, to the Presiding Judge of the department that heard the case. That judge makes a recommendation to the Motions Department for disposition of the petition. The Motions Department then makes the final decision. The order allowing compensation or expenses of court-appointed counsel is also a voucher directed to the Fiscal Section of the State Court Administrator's office for payment of the amount allowed.

"If the decision is not to allow the full amount of compensation claimed in the petition, an order will issue showing the

number of hours disallowed and the category of services in which claimed hours were disallowed. If the court disallows any portion of the petition, the attorney may move for reconsideration of the decision and provide further documentation or explanation of the disallowed compensation or expense." Internal Practices of the Court of Appeals of Oregon 27-28 (Rev. Jan. 1, 1991).

In this case, petitioner filed a petition for attorney fees. The petition itemized, by day and nature of work performed, the amount of time that the lawyer had spent on the appeal, totaling 35.8 hours. The Court of Appeals certified a fee in an order that stated in part:

"The Court has concluded that the time you claim to have expended in this case is not reasonable in these respects:

"___ matters preliminary to researching and writing the brief; therefore a deduction of ___ hours has been made.

"XX research and writing the brief; therefore a deduction of _6_ hours has been made.

"XX preparation for and attendance at arguments; therefore a deduction of _2_ hours has been made.

"___ post-argument activities; therefore a deduction of ___ hours has been made.

"The court certifies your petition for 27.8 hours at $30 per hour for a total of $834.00

"* * * * *

"You may ask for reconsideration of this award by submitting additional documentation and explanation within 14 days after the date of this letter."[1]

---

[1] Currently, ORAP 13.15 sets forth procedures for the recovery of court-appointed attorney fees. ORAP 13.15(8)(a) provides:

"If the court approves the amount of compensation, costs and expenses requested, the court shall certify that amount for payment. If the court approves less than the amount requested, the court will issue a notice of disallowance of compensation, costs or expenses in the form prescribed in Appendix P and showing where the request was reduced and by how much."

Appendix P is, in form, similar, but not identical, to the Court of Appeals' order. In part, it provides for an order as follows:

"The Court of Appeals (Supreme Court) has certified less than the amount requested for court-appointed counsel compensation, costs and expenses in this case. See the attached Certification form.

"1. COUNSEL COMPENSATION AND LAW CLERK/LEGAL ASSISTANT HOURS

Petitioner filed a motion for reconsideration, explaining why she believed that the time spent was reasonable.[2] The Court of Appeals denied the motion without further explanation. On review, petitioner asserts:

> "[A]n individual lawyer is kept in ignorance as to why a fee in a particular case was cut [by the Court of Appeals], and the bar is kept in ignorance as to why the court makes reductions generally. Even the identity of the judge making the reduction is not revealed. Lawyers are unable to conform their petition for fees to the law, because the lawyers have no way to discover what the law is.
>
> "* * * * *
>
> "The court must have reduced the fees for a reason. Counsel asks that the court tell her what the reason was.
>
> "* * * [U]nless the lawyer knows why there has been a fee reduction, the lawyer cannot make a meaningful argument that the reduction was inappropriate. *Longjaw* directed the Court of Appeals to provide that information." (Footnote omitted.)

Petitioner concludes her petition for review with this request:

> "[T]he Supreme Court should grant review, should reverse the Court of Appeals, and should direct the Court of Appeals to order payment in full or to provide a published explanation for the fee reduction."

*Amicus* Oregon Criminal Defense Lawyers Association argues:

> "Of the 35.8 hours expended by [counsel], there is no clue which 8 hours were disapproved by the Court of Appeals.

---

> "The court has deducted _____ hours of attorney time as not reasonable:

| "Attorney (ATOA) | Law Clerk (PARA) | |
|---|---|---|
| _____ | _____ | hours for matters preliminary to research and to brief writing. |
| _____ | _____ | hours for research and brief writing. |
| _____ | _____ | hours for preparing and attending argument(s). |
| _____ | _____ | hours for postargument activity. |
| _____ | _____ | other (explain)_____" |

[2] Her petition in part stated:

"The transcript in this case was short but complicated. There was also an affidavit of counsel which supplied facts. The time sequence was critical to the

"The failure to explain the reduction, together with the absence of any apparent unreasonableness on the face of the fee petition, and the cogent explanation submitted in its support, implies an arbitrary decision, contrary to *Longjaw*. Accordingly, this Court should vacate the reduction and order full payment for the hours expended."

*Amicus* Oregon State Bar contends:

"*Longjaw* requires a 'brief explanation.' But checking a box and identifying a broad area in which the reduction is made cannot be what *Longjaw* contemplated: the affected attorney cannot meaningfully request reconsideration, and the appellate defense bar is left with the firm impression that its hard work is not respected by the Court of Appeals. * * * Appellate defense lawyers deserve fairness and due process in court procedures to distinguish between the two."

Contrary to petitioner's and *amici's* assertions, the Court of Appeals' form does sufficiently explain why the Court of Appeals reduced the claim for fees. Its order advised petitioner that, in its opinion, she spent more time than was reasonable in researching and writing the brief and in preparing for and attending the oral argument. True, that explanation is

---

argument, yet the facts were produced in a convoluted manner. This was partly due to mid-hearing discovery of a new ticket of the defendant's (for false name to a police officer). This at first appeared to undercut the argument (that the officer did not have probable cause to believe the defendant had given a false name), but in fact did not (because the ticket was issued some time after the arrest.) Thus it took time to sort this out. I believed that clarity was critical to an effective presentation of the case.

"Further, this particular case involved a rapidly developing area of the law. Searches incident to arrest for failure to display a driver's license, coupled with testimony that the officer did not believe the driver had been truthful, have been addressed by the court of appeals a good deal recently. I thought it was critical that I be absolutely current in this area. I cited 17 cases, one (in slip opinion form) decided 19 days before the day the brief was filed.

"Although there was but one assignment of error, I thought I needed to anticipate potential state arguments. For example, I briefly discussed the 'inevitable discovery' and 'plain view' doctrines.

"For similar reasons, I spent a good deal of time preparing for oral argument. I re-read the cases I cited, re-read the confusing transcript, and drafted a time line for my use. (I then decided to supply a copy of the time line to the court.) When preparing, I knew my opponent was one of the more experienced assistants attorney general, who is a meticulous and knowledgeable opponent.

"I was sixth on the docket, according to the records I have. It takes me one hour to drive to Salem; I allow some extra time on the drive down. I remember that I did argue for some time on this case."

short and lacks detail. But it gives the lawyer enough guidance for the lawyer to respond meaningfully, *as did petitioner in this case.* In her motion for reconsideration, she explained, in detail, time spent "reading the transcript * * *, doing legal research, * * * drafting the brief, * * * [and] for preparation and oral argument."

The court's response to the fee petition is detailed enough so that a lawyer who believes that the Court of Appeals erred can submit additional documentation to support the claim. Petitioner's motion for reconsideration in this case shows that she knew why the Court of Appeals disallowed her claim and how to address those matters. The order was sufficiently definite to permit a lawyer to make specific assertions concerning the time needed to research and write the brief and to prepare and deliver oral argument.

The order contains the explanation contemplated by *State v. Longjaw, supra,* and affords a sufficient explanation for a lawyer to submit a meaningful petition for reconsideration. More is not required.

The order of the Court of Appeals is affirmed.

**GILLETTE, J.,** concurring.

I join in the opinion of the court. I write separately to emphasize that there can arise at least one other issue with respect to the award of a reasonable fee to appellate counsel beyond the issue addressed by our opinion today.

The only issue actually presented in this criminal case is whether the method selected by the Court of Appeals to explain its refusal to award to court-appointed appellate counsel full payment for the time actually expended by counsel in the preparation and presentation of a criminal appeal comports with the guidelines announced by this court in *State v. Longjaw,* 307 Or 47, 761 P2d 1331 (1988). In that case, this court summarized the guidelines as follows:

> "In sum, (1) the Court of Appeals shall set attorney fees based on its determination of reasonableness of the fee requested for the work product; (2) if the Court of Appeals reduces the amount of the fee claimed, the court shall provide the appointed counsel with a brief explanation for the reduction; (3) in the event of a reduction by the Court of Appeals, appointed counsel may petition for reconsideration and submit

additional documentation and explanation to the court without appearance; (4) the Court of Appeals shall set the final amount of compensation without further explanation; and (5) to the extent this assessment of the lawyer's work is factual, the Court of Appeals' factual decision is final."

307 Or at 51.

Counsel and *amici* sought review specifically as to whether the Court of Appeals had complied with the second guideline, *viz.*, the requirement that the court provide counsel with "a brief explanation for the reduction." As the majority explains, the Court of Appeals' check-list system complies with that requirement. No other or more extensive review was suggested by counsel or *amici*. Thus, for the purposes of this case, it is appropriate for us to assume that counsel and *amici* believe that, if the explanation provided to counsel was legally sufficient, there is no other basis for challenging the legal sufficiency of the Court of Appeals' decision in this case.

That is not to say, however, that there could not be, in an appropriate case, a challenge to the legal sufficiency of the Court of Appeals' compliance with some other requirement of law, *e.g.*, the requirement that the final amount awarded by the Court of Appeals under guidelines (4) and (5) be "reasonable." Such a requirement, although not specifically mentioned in either guideline, is implicit because of the statutory directive to the Court of Appeals to award to counsel "a reasonable amount of compensation." ORS 138.500(4). Nothing that this court said (or, could have said) in *Longjaw* negated this legislative directive; indeed, it is one of the reasons that the court noted, in *Longjaw*, that "the [C]ourt [of Appeals] cannot act arbitrarily in making its decision." *State v. Longjaw, supra*, 307 Or at 50. This statement recognizes that decisions as to what is a reasonable amount for attorney fees are reviewed for an abuse of discretion. *See also Miller v. Fernley*, 280 Or 333, 337, 570 P2d 1178 (1977) ("The determination of the amount of attorney fees is left to the sound discretion of the court"); *Slocum v. Harder*, 275 Or 725, 729, 553 P2d 349 (1976) (although amount awarded for attorney fees was less than amount requested, "the amount set was within the discretion of the trial court as long as it was not more than the amount of which there was evidence").

The requirement that counsel be awarded a reasonable amount as compensation is also the reason for the qualifying

clause in the fifth guideline in *Longjaw*: *"to the extent [that] this assessment of the lawyer's work is factual*, the Court of Appeals' factual decision is final." *State v. Longjaw, supra*, 307 Or at 51 (emphasis added). To a very large extent, the Court of Appeals' final decision is purely factual and therefore immune from review, because whether a particular award is "reasonable" is a factual determination and because the choice as to what "reasonable" amount to award is discretionary. But discretion can be abused and, where that occurs, the court that abuses it is guilty of a legal error.

It follows that, where the Court of Appeals has followed the *Longjaw* format, as we hold that the court did in the case before us, but counsel is still dissatisfied because counsel believes that the final award is not a "reasonable" amount, counsel still may seek review of that award on the ground that the award represents an abuse of discretion. Petitions for review on this ground should be rare — counsel needs to recognize that the discretion given to the Court of Appeals is wide, and that petitions challenging the exercise of that discretion will need to point to some kind of patent unreasonableness in the outcome in order to succeed. In a few limited circumstances, counsel may believe that it is appropriate to argue that such an abuse has occurred. And it is clear from the requirement of ORS 138.500(4) that, where such petitions are filed, we have a role to play in assuring that the requirements of the law have been met.

Unis, J., joins in this concurring opinion.

**FADELEY, J.,** dissenting.

In many ways this case represents a family dispute. Practicing attorneys and the courts are members of the same Judicial Branch. The majority's resolution is roughly the equivalent of saying "father knows best" or "because I am the mother, that's why."

I agree that the legislature intended that the court be the ultimate authority on the amount of attorney fees to be paid for services of an appointed counsel. I also agree that, within the family, a brief explanation indicating why there should be a reduction in fees from the amount claimed by the appointed attorney keeps family harmony and ensures fair treatment of the persons providing the service to the courts. I dissent because

I simply do not think any explanation that is adequate to maintain family harmony is required by the majority. The explanation actually given is ambiguous, as shall appear later, and in the form presented to us it is nothing more than an arbitrary conclusion to support a reduction.

While I agree that the amount of a fee to be awarded appellate counsel is a matter of discretion with the court and that, where there is a difference of opinion as to how much time was reasonably spent in performing the service, the appropriate court's discretionary decision is entitled to prevail, I do not agree that the explanation for cutting the compensation provided to the court-appointed lawyer for the indigent defendant is sufficient or adequate in this case.

The Court of Appeals made two time reductions; each was accomplished by use of a check-the-box-type of order.[1] The record explanation is limited to the statement in the court's order that the "time you *claim* to have expended in this case is not reasonable." (Emphasis added.) This unfortunate and ambiguous terminology leaves uncertain what basis the court relied on — whether the court simply disbelieved the affidavit of appointed counsel as to the amount of time spent or whether the court believed that an average brief and an average preparation for oral argument would not require that much time.

The relevant rule requires that "the court *shall provide* the appointed counsel with *a brief explanation*[2] for the reduction." *State v. Longjaw*, 307 Or 47, 51, 761 P2d 1331 (1988) (emphasis added). In that criminal case this court established a procedure for reduction in an appointed appellate counsel's fees claimed under ORS 138.500(4) and ORS 151.430(5) where the Court of Appeals had substantially reduced the appointed counsel's claim for fees "without explanation." 307 Or at 50.

---

[1] Appointed counsel sought $30 per hour for 27 hours to write the brief (itemized in 13 entries) and 8.8 hours to prepare for, travel to, and present oral argument (itemized in six entries). The boxes and blanks filled in in the Court of Appeals' order reduced the brief-writing time by six hours and the argument preparation, travel, and presentation time by two hours.

[2] "Explanation" means "[t]he act or process of explaining." Webster's Ninth New Collegiate Dictionary 437 (1984). "Explain" means "to make known, to make plain or understandable * * *, to give the reason or cause of * * *." *Id.* This order does not "explain," in any of the common dictionary meanings of the word.

The issue in the present case is whether the "brief explanation" requirement is met by the check-the-box order that the Court of Appeals entered in this case.[3] Nothing in *Longjaw* discussed the use of a check-the-box order format. That format, as used in this case, facilitates reductions without explanations, rather than what *Longjaw* required. Nothing in *Longjaw* says that a mere statement of a conclusion is the brief explanation called for, let alone that an ambiguous conclusion was sufficient. Instead, *Longjaw* discusses what sort of explanation should be given by the court in two different types of attorney fee claims. One type of explanation is to be used where the court believes that the appointed attorney did not, in fact, put in the number of hours claimed. The other is to be used when the court believes that specific tasks required in the particular appeal could be accomplished reasonably in a lesser amount of time than appointed counsel chose to devote to that task on the particular appeal under consideration. 307 Or at 51.

The order here confuses the two and leaves the counsel who claimed the fee unsure whether the court disbelieved her affidavit that the amount of "time you claim to have expended" was actually spent on the briefs and argument, or whether, instead, the court believed that the amount of time claimed was more than is reasonably required by an efficient attorney to perform the professional acts necessary to the brief and argument aspects of the particular appeal.

Apparently, the majority believes that the Court of Appeals' order reduced the attorney fees because that court believed that the reduction fell into the latter category: *i.e.*, that the amount of time expended was unreasonable.

The majority says:

> "Contrary to petitioner's and *amici's* assertions, the Court of Appeals' form [the X-in-the-box order] does sufficiently explain why the Court of Appeals reduced the claim for fees. Its order advised petitioner that * * * she spent more time than was reasonable * * * in preparing for and attending the oral argument." 313 Or at 571.

---

[3] Appendix P, related to ORAP 13.15, does *not* provide for the "you claim to have expended" language used by the Court of Appeals. Nor does it purport to prohibit a brief explanation in compliance with *Longjaw*.

The interpretation ignores the fact that the Court of Appeals' order can be interpreted to implicate the first *Longjaw* category: *i.e.*, that the court did not believe the attorney had spent the time she "claim[ed]." Thus, the majority, in effect, modifies the Court of Appeals' order by interpreting it to be limited to reduction for unreasonableness rather than for an inaccurate statement of the amount of time actually expended. I suppose this court may interpret the order of another court differently than its words provide in an effort to uphold it, but there is no basis in the order itself or elsewhere in this record for that reinterpretation. It is itself an exercise of unbridled discretion, albeit beneficently intended. Because it changes the order actually entered below, it is a recognition that the order entered below is insufficient.

If one adopts the majority's reinterpretation of the order, it still fails to provide an explanation of which of the six entries for argument preparation, attendance and delivery is unreasonable. The order reduced by two hours the 8.8 hours claimed to prepare for, travel to, wait her turn in line as the sixth person scheduled for that argument session, make oral argument, and return from Salem to Portland. But it did not specify what two hours were unreasonable.

The reduction is over 22 percent. An examination of the six date, time and subject entries specific to the oral argument phase of appointed counsel's work does not, on the face of the claim, disclose where such a level of reduction could be made without being arbitrary. Thirty-six minutes were claimed for correspondence with the client about the case and closing the file. Twelve minutes each were spent on telephone conferences with a federal attorney involved and with the client. Eighteen minutes were spent on reading the state's brief.

Travel from Portland to Salem, parking, walking to the courtroom, and returning to Portland would take over two hours. Rules for argument require that attorneys be present well before the most likely time for their argument so that, if one case settles or the attorneys do not appear to argue, the later cases can move forward to fill the gap, thus permitting efficiency for the court. Of course, there is also the time for oral argument itself. Petitioner claimed a total of three and one-half hours — for travel (which took over two of the three and one-half hours), for attendance on the court waiting her turn to argue, and for

oral argument itself. Is some part of the less than one and one-half hours that claimant designated for diligent attendance to argue and for the oral argument unreasonable? I do not think so, because the court could deny argument to a counsel who failed to be present when her client's case was called and because she was designated to present the sixth separate argument for that court session.

There remains only the question whether four hours is an unreasonable amount of time to spend preparing for argument to the Court of Appeals. Would half that time — two hours — suffice just as well?[4]

Of course, the X-in-the-box order here did not designate any one of the six preparation, travel, and argument entries as being unreasonable in amount. One cannot say, from the order, what item took counsel too long, or for which item the fee was reduced. Because the order identifies no item, I would hold the order insufficient under *Longjaw*. If the majority wishes to overrule the "brief explanation" requirement of *Longjaw*, they should say so but they did not. Therefore, to comply with *Longjaw* the Court of Appeals should add, following the box checked, a description such as "preparation time too long," or "oral presentation unreasonably long," or some other explanation of over-length, as that court considers to be the case.

I would remand the case with directions to identify which of the two *Longjaw* examples is involved, to explain why specific portions of the fee claim, especially the reduction of two hours related to oral argument, were disallowed, and to make the explanation in sufficient depth to be understandable in this case and to provide guidance to appointed counsel in future cases.

---

[4] Holding that two hours' time preparing for oral argument is sufficient would be penny-wise and pound-foolish. Poorly prepared counsel does not serve the appellate court's needs at an oral argument. Post-conviction cases claiming inadequate assistance of counsel are costly as well.